STARK *v.* PARKER.                          { March 21, 1876.

*Filing copy of foreign probate of will—Domicile of testator.*

An authenticated copy of a will, and the probate thereof in a foreign country, cannot be filed in our court of probate, under ch. 1, sec. 50, Laws of 1868, if it appear that the domicile of the testatrix was in this state at the time of her death.

HILLSBOROUGH COUNTY.

APPEAL, from the decree of the judge of probate for the county of

Hillsborough, for the filing of copies of a will and codicil, and of the probate of the same in Canada, under sec. 50 of ch. 1 of the Laws of 1868. After the appeal was entered in this court, the parties agreed upon the following facts for the opinion of the court: The will was executed at Manchester in 1869, the testatrix being then a resident of said Manchester. The codicil was executed at Stanstead, in Canada, on the twenty-fourth day of June, 1874, the testatrix then being, and until her death continuing to be, a member of the family of the appellee, whom in her will and codicil she terms her "adopted son;" but the appellant claims that her legal domicile, both at the execution of her codicil and at her decease, was at Manchester aforesaid, and moves for an issue to the jury to try the question of her legal domicile at the time of her decease. The appellee, claiming that her legal domicile was at said Stanstead, resists the motion for an issue to the jury, upon the ground that the question is immaterial under the statute. The codicil changes the will in some respects, and in all others reaffirms and confirms it. Either party may cite any publications touching the laws of Canada.

*George Y. Sawyer & Sawyer, Jr.*, for the appellant.

I. In Redfield on Wills, part II, ch. 1, sec. 2, p. 12, it is said that the jurisdiction of the probate of wills, and of everything pertaining to the settlement of estates, is primarily exclusive in the probate court for the district in which the testator is domiciled at the time of his decease. Godolph., part I, ch. 22, sec. 2, 2 Bl. Com. 508, and 1 Wm.'s Exr's, are cited as authorities in support of the proposition; but it is added, "the general rule is of such universal acceptance in all the American states as scarcely to require any authority in its confirmation."

In conformity with this rule, the act of February 3, 1789, Laws of N. H., ed. of 1805, p. 163, declares "that any executor * * of the will of a person deceased * * neglecting * * to cause such will to be proved before the judge of probate for the county where the deceased last dwelt, shall forfeit five pounds a month for such neglect."

This act, and also the act of January 22, 1790, cited in the appellant's brief as the act of July 22, 1790, authorizing copies of wills to be filed when the originals had been proved in foreign jurisdictions, were incorporated in the compilation of the statutes in 1805 as concurrent acts—N. H. Laws, ed. of 1805, pp. 161, 168—and continued in force until the revision of the probate laws in 1822—N. H. Laws, ed. of 1830, titles 77, p. 331, 79, p. 355, 80, p. 359, 81, p. 365, 83, p. 371, and 84, p. 373—when the several acts—pp. 331, 351, 355, 359, 365, 371, and 373—constituting a revised code of probate laws, were all passed on the same day—July 2, 1822. The act of 1822, p. 331, sec. 16, declares that "if any person * * named in any will as executor thereof neglects to present the same to the judge to whom the

probate thereof belongs, he shall forfeit," etc. The only difference material to the present inquiry between this act and the act of February 3, 1789, is, that this act requires the executor to present the will to the judge to whom the probate belongs, while the latter act requires him to present it to the judge for the county where the testator last dwelt. They mean the same thing; for what test is to be applied to the question, Where does the probate belong?—except that furnished by the rule " of universal acceptance in all the American states," that the jurisdiction is exclusive in the probate court for the district in which the testator was domiciled at the time of his decease? It is manifest that the provision of the act of July 2, 1822, to the effect that a copy of a will proved in a foreign jurisdiction may be filed here, and have the same effect as the original, was not intended to change the law as to the judge to whom the probate of the will in the first instance exclusively belonged, but only to provide that when the will had been proved in the jurisdiction to which the probate of it in the first instance did belong,—that is, the jurisdiction in which the testator was domiciled at the time of his death,—then a copy from that jurisdiction filed here should have the same effect upon property here as if the original were filed here. Nor does the act of January 22, 1790, have any other effect upon the act of February 3, 1789. The act of 1790 was the first enactment in this state authorizing the filing of a copy, and it left the provision of the act of 1789 untouched, so far as the latter requires the will to be proved in the county where the testator was domiciled at the time of his death. These provisions have remained unaltered in their intent and meaning in all subsequent revisions of our statutes, and now stand side by side upon the statute book. Upon this view, the provisions of the probate laws are harmonious and consistent. The probate of the will and the principal administration pertain to the same jurisdiction,—that of the testator's domicile at his death.

II. The appellant has the right to contest the will here in the county where the testatrix was domiciled at her decease, upon the ground that the signature to the will is a forgery. He is barred from taking this objection to the will by the production of the copy only.

*Charles R. Morrison,* for the appellee, quoted the act of January 22, 1790 (Laws of 1792, page 228); act of July 2, 1822 (Laws of 1830, page 358), and said,—

Finally, the act of 1868 provides that " a copy, duly authenticated, of any will made out of this state, which has been executed, proved, and allowed in and by a court of probate, or a court of similar powers, in any one of the United States, or in any foreign country, pursuant to the laws thereof, and a duly authenticated copy of the probate of such will, upon the written application of any party in interest, and upon such citation and public notice as the court shall order, may, by a decree of the court of probate, be filed and recorded in the probate office, and such decree shall have the same effect as if such will was executed

out of the state, with the formalities now required by the laws of this state." Sec. 50, ch. 1, Laws of 1868.

With these successive statutes, from 1790 to 1868, before them, we ask the court to consider that no intention is expressed, or intimated, that copies of a foreign probate shall not be filed here unless the testator had his domicile at the time of his decease at the place of probate.

So far as affects the question now under consideration, the language of the act of 1868, of the General Statutes, and of the Revised Statutes, is, that a duly authenticated copy " of any will," duly proved and allowed in another state or country, " according to the laws thereof," may, upon notice, and " if no sufficient objection be made," be filed here; and the acts of 1822 and 1790, by the term " a will," intend any will.

No such restriction as is now sought to be imposed upon us is to be found in any statute, and the omission could not have been accidental. The application is to be granted if no " sufficient " objection is made to it. The statute does not say what shall be deemed a " sufficient objection." As expressed in the acts of 1790 and 1822, the request is to be granted if no objection is made, or none, in the judgment of the judge of probate, sufficient.

If it had been designed that the want of a legal domicile at the place of probate should of itself be a sufficient objection, it is unaccountable that such purpose should not have been expressed in some way in the statutes, or at least in some of them. It not unfrequently is a troublesome question to determine the place of domicile. Story's Confl. of Laws, ch. 3, p. 45.

In the cause now under consideration, the judge of probate, after a laborious and expensive examination of witnesses, found that the domicile of the deceased was at the place of probate. Yet the appellant is not satisfied. He finds the question of domicile of such difficulty, that he insists that, after a careful investigation by a competent judge, it has been assigned to the wrong place. He protests that the domicile was in this state, and that if it was here the executor shall produce the original will for probate. Suppose the court adopt his views of the law, and, after another expensive and protracted hearing, it should be found, upon the verdict of a jury or otherwise, that the judge of probate was mistaken, but, upon application to the court in Canada for the will, that court should coincide with the judge of probate from whose finding Mr. Stark has appealed : what is to be done ?

From what is expressed and from what is not expressed in the statutes, it is most reasonable to conclude that the legislature designed to avoid every complication arising out of the difficult question of domicile, and require only that the foreign court should have, by its own laws, jurisdiction of the subject ; that the will shall have been proved and allowed in such court according to the laws governing that court, and a duly authenticated copy be produced ; and that everything beyond these expressed requirements be left to the sound judicial discretion of the judge. The appeal rests upon the one and only objection of an alleged mistake as to the place of domicile.

It is intimated, however, that the appellant would have offered evidence impeaching the due execution of the will, if it had been supposed that such proof would be admissible. Unless this assumption as to the conclusiveness of the foreign probate is correct, the appellant has not the slightest ground for argument in support of his appeal. Civil Code of Lower Canada, notes 856, 857, 1215.

The statute nowhere says that a foreign probate shall be in any case conclusive. And if the appellant had offered evidence tending to impeach the will, no reason occurs to me why it should not have been received ; and certainly the appellee supposed he was fully prepared to meet it. Story's Confl. of Laws, secs. 512, 517, 964 ; *Taylor* v. *Barron,* 30 N. H. 78 ; 35 N. H. 484 ; *Mahurin* v. *Bickford,* 6 N. H. 567, 571 ; *Robinson* v. *Prescott,* 4 N. H. 450.

LADD, J. I think the question whether the domicile of the testatrix was in Manchester at the time of her death is material, and that it must be determined against the appellant before the copies can be permitted to be filed under the statute. No question is made but that the general rule is, as stated by counsel for the appellant, that the jurisdiction of the probate of wills is primarily exclusive in the probate court for the district in which the testator is domiciled at the time of his death.

Applying this rule, if the testatrix was domiciled at Manchester at the time of her death, the probate of her will and primary administration of her estate belongs to the probate court of the county of Hillsborough.

The appellee has no ground therefore to stand upon, except that the legislature, in a certain class of cases, has precluded probate courts from inquiring into a fact, upon which their own jurisdiction depends,— that when copies of a will, and its probate in a foreign jurisdiction, are presented, no inquiry can be had whether the original probate, and hence the primary administration, ought not to be taken here. I must say it seems to me this would fall little short of a renunciation of the duty which the state owes its citizens to protect them in their rights of property, by seeing to it that the estate of persons deceased, whether real or personal, situated within our jurisdiction, be administered according to our laws. Nothing but language quite unequivocal and clear would warrant the conclusion that such was the intention of the legislature.

The act upon which the appellee relies has been in existence without material alteration since 1790; and for quite a portion of that time, to say the least, there has existed alongside it a statute declaratory of the general rule, already stated, that a will must be presented for probate in the county where the deceased had his domicile.

An examination of the act shows that it does not in terms, nor by implication, make the foreign probate of a will conclusive as to this question of domicile upon which the jurisdiction depends. The first act, that of 1790, carefully provided for notice, and that the copies might be filed if no sufficient objection were made against it. In this

particular the law certainly is not altered by the present act. Upon sufficient objection being made, the judge of probate must undoubtedly refuse to allow the copies to be filed. What is to be regarded by the judge of probate as a sufficient objection? It seems to me that if the domicile of the testator was within his county, that most clearly constitutes a sufficient objection; because, in that case, the will must be there presented for probate, and the primary administration be there had.

If that be so, the judge of probate cannot legally avoid the question of domicile when it is raised, and the appellant is entitled to have it determined by a jury, or in some other way, on this appeal.

CUSHING, C. J. By our statutes, cited by my brother LADD, and which, therefore, need not be cited again, the jurisdiction of the probate of wills is in the county where the testator was domiciled at the time of his death. It is also provided that a copy of a will, proved in a foreign jurisdiction, may, on notice to parties interested, and due hearing, if no sufficient objection appears, be filed in the office of the probate court, and that such filing shall have the effect of a probate.

The court below having ordered the will under consideration to be so filed, an appeal is taken from that decree; and the question to be tried is, whether there is a sufficient objection to the decree.

The appellant alleges that the domicile of the testatrix, at the time of her decease, was in Hillsborough county, and that therefore, by our law, the jurisdiction of the probate of that will was in the probate court of Hillsborough county.

Now, if this be so, it is obvious that the will must be proved in Hillsborough county, in order to give it any validity in regard to the property of the testatrix situated in this state. Undoubtedly our law, permitting wills proved in foreign jurisdictions to be filed, intends wills proved by courts having jurisdiction over their probate. It is not claimed that the court before whom the will was proved in Canada has the jurisdiction, unless the testatrix was domiciled there at the time of her decease; so that this question of domicile is all-important in the case.

Now, I understand the position taken by the appellee to be, that the foreign probate court having assumed to try the facts upon which its jurisdiction depended, that fact must be taken to be conclusively settled, and cannot now be inquired into; and this brings us to the question, which I suppose is intended to be made in this case, viz., whether the foreign court, having, as appears by its record, determined the question of jurisdiction in its own favor, that question is conclusively settled against this appellant, and against the jurisdiction of this court.

In the case of *People* v. *Dawell*, 25 Mich. 247, the question arose on the validity of a divorce which had been obtained in the state of Indiana. It was alleged that the divorce had been obtained by fraud, and I understand it to have been conceded by the court, that, if the court

in Indiana had jurisdiction over the parties, the court of Michigan could not treat the divorce as a nullity until it had been vacated by proper proceedings in the court of Indiana. But the court also held, that the facts on which the jurisdiction over the parties depended might be inquired into, and, on its being established that the parties were both domiciled in Michigan at the time of the divorce, they disregarded it; and the respondent, Dawell, was convicted of bigamy.

The case of *Hoffman* v. *Hoffman*, 46 N. Y. 30, is to the same effect. There, the proceedings appeared on the face of the record regular, and the plaintiff had failed in her attempt to set aside the divorce in the court of Indiana; but the court in New York inquired into the facts on which the jurisdiction of the court in Indiana depended, and it appearing that the parties were domiciled in New York at the time of the divorce, the court held that it was void.

These cases seem peculiarly apposite, because the proceedings in divorce are, like the probate of wills, in the nature of proceedings *in rem.* It appears to me, that whatever may be the law in regard to the effect of a determination of a court of the facts on which its jurisdiction depends in its own country, they show conclusively that foreign urisdictions can in no way be so bound.

I hold, therefore, that the appellant here is entitled to have the facts on which the jurisdiction depends tried by a jury.

SMITH, J. The appellee, Edward D. L. Parker, presented his petition in the probate court for this county for leave to file in the probate office an authenticated copy of the will and codicil of Bridget Parker, the testatrix (who died in Canada), and of the probate of the same in that dominion. From the decree of the probate court granting this petition, Patrick Stark appealed; and the grounds of his appeal are, that the domicile of the testatrix, at the time of her decease, was in Manchester, and not in Canada, and, therefore, that the original will should be presented here for probate instead of in Canada.

The appellant claims that when the testator is a resident of this state, but dies beyond its limits during a temporary absence, his original will must be presented here for probate; that it cannot be probated in the state or country where he dies, and a copy of the will and of the probate thereof be brought here and filed, so as to have any effect.

In support of this position we are cited to the code of probate laws which have been in force in this state since February 3, 1789, without substantial change, as at present embodied in the General Statutes of 1867. The general rule as to jurisdiction in the probate of wills, and everything pertaining to the settlement of estates, undoubtedly is as claimed by the appellant,—that it is primarily exclusive in the probate court for the district in which the testator had his domicile at the time of his decease. 2 Red. on Wills., ch. 1, sec. 2. I am not prepared to admit that our statutes are now, or that they ever have been, in conflict with a rule of such universal acceptance. On the contrary, it

seems clear that when the provisions are all considered together, their meaning is quite plain,—(1) that the will of every person deceased, whose domicile at the time of his decease was in this state, must be presented here for probate; and (2) that an authenticated copy of the will of a deceased person, proved in the county or state where he had his domicile at the time of his decease, according to the laws thereof, may, with a copy of the probate thereof, be filed in the probate office in any county in this state, after a hearing and decree, where the deceased left property upon which the will might operate, and the will will thereupon operate upon the property so found in this state.

The appellee, however, contends that if, upon an issue submitted to a jury, they should find that the domicile of the testatrix at the time of her decease was in this state, the verdict could not produce any effective result. In the argument, his counsel inquired,—" Suppose, upon application to the court in Canada for the will, that court should coincide with the judge of probate from whose finding Mr. Stark has appealed: what is to be done ? " As that question is not now before us, it need not be now decided. Very likely, however, the result might be, that, unless Mr. Parker should produce the will here, where by our statutes it must be presented for probate, if the jury should find the domicile of the testatrix was here, or if he has so conducted that he cannot produce it, then it could not be set up in this state, and the estate of the testatrix would be administered as though she had died intestate.

I think the demand of the appellant, that the question of domicile be tried by a jury, should be granted.

*Appeal sustained.*

An issue was accordingly framed, and sent to the circuit court for trial by a jury.