C. P. TARBELL, proponent, *vs.* A. E. WALTON, contestant.

May Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed July 19, 1899.

*Allowance and Record of Foreign Will.*—V. S. 2366, 2368, permitting the allowance in this State of a will proved and allowed in any other of the United States or in a foreign state or country, were not intended to apply to a foreign probate of the will of a testator domiciled here, but only to such probate of the will of a testator domiciled in some other state or country, who leaves property here on which his will can operate.

*V. S. 2365—Foreign Will.*—V. S. 2365 providing that a will made out of the State, which might be proved and allowed by the laws of the state or country in which it was made, may be proved, allowed and recorded in this State, refers to proof here in the ordinary way and not to proof by authenticated copy of a foreign probate.

*Walton* v. *Hall's Estate*, 66 Vt. 455, correctly held that the fact that there was property in Illinois on which the will could operate, conferred

jurisdiction; and that the probate of the will in Illinois made the will effective against everybody to pass all the property there situate; but such probate established nothing beyond the validity of the will there. If *Ives* v. *Salisbury,* 56 Vt. 565, is in conflict herewith it is overruled.

APPEAL from probate. Trial by court, at the June term, 1898, Orange county, *Start,* J., presiding. Upon the findings, the court affirmed the decree of the probate court allowing, filing and recording the instrument. The contestant excepted.

*J. W. Gordon* and *R. M. Harvey* for the contestant.

*Darling & Darling* and *Tarbell & Whitham* for the plaintiff.

ROWELL, J. John Walton, being domiciled in Tunbridge, in the District of Randolph, in this State, died there, leaving a will made in Illinois when he was domiciled there. The will was probated in Illinois, where the testator left real estate on which it could operate, and a copy of it, and of the probate thereof—which, for present purposes, we treat as duly authenticated—was produced to the probate court of said district, which adjudged that said instrument ought to be allowed in this State, and thereupon filed and recorded said copy; and the question is, whether the will can be proved here in that way, or whether it must be proved *de novo.* This depends upon the construction to be given to our statute, which provides that wills proved and allowed in any other of the United States, or in any foreign state or country, according to the laws of such state or country, may be allowed, filed, and recorded in the probate court of a district in which the testator has real or personal estate on which such will may operate, and shall have the same effect as if originally proved and allowed in the same court. V. S. 2366, 2368.

The fact that the statute gives jurisdiction only to the probate court of a district in which the testator has property on which the will can operate, strongly indicates

that it was not intended to apply to the foreign probate of the will of a testator domiciled here, for § 2326 provides that the will of such a testator shall be proved in the probate court of the district in which he resided at the time of his death, regardless of whether he has property there or not. A construction that would antagonize these provisions will not be adopted if it can be avoided. But § 2369 puts the matter at rest, we think. It provides that when a will is allowed on the strength of a foreign probate, the testator's estate in this State shall be disposed of according to the will as far as it operates upon it, and that the residue shall be disposed of as is provided by law in cases of estate in this State belonging to persons who are inhabitants of another state or country. Now if the provision for allowing wills on foreign probate was intended to apply to the will of a testator domiciled here, proved abroad for ancillary purposes, it is impossible to suppose that such a provision for the disposition of the residue would have been inserted, for it would be strange to say that in such a case the residue of the estate of the testator shall be disposed of as though he was not a resident, but an inhabitant of another state or country.

It is manifest, therefore, from the statute itself, that the provision in question was not intended to apply to a foreign probate of the will of a domiciled testator, but only to such probate of the will of a testator domiciled in some other state or country who leaves property here on which his will can operate, in which case it can be allowed here under this provision, and ancillary administration obtained.

The proponent invokes another provision, which enacts that a will made out of the State that might be proved and allowed by the laws of the state or country in which it was made, may be proved, allowed, and recorded in this State, and shall then have the same effect as if executed according to the laws of this State. But this means that such wills may be proved here in the ordinary way, and has no

reference to proof by authenticated copy of a foreign probate.

The contestant claims that the courts of Illinois had no jurisdiction to probate this will, and somewhat criticises *Walton* v. *Hall's Est.*, 66 Vt. 455, in which we held that they had such jurisdiction, and gave effect to that probate as to the property in that state; and we have no doubt of the correctness of that decision. The fact that there was property there on which the will could operate, conferred jurisdiction; and that probate is conclusive as far as that State is concerned, and made the will effective against everybody to pass all the property there situate that could be transferred by a valid instrument of that kind. But no greater effect can be given out of Illinois to that probate, for it establishes nothing beyond the validity of the will there; and full faith and credit is given to it when it is permitted to make the will effective to pass the property in that jurisdiction, as we held in that case. *Robertson* v. *Pickrell*, 109 U. S. 608.

If *Ives* v. *Salisbury*, 56 Vt. 565, is in conflict with this decision, it is overruled.

Statutes in many of the states similar to ours, are similarly construed. *Stark* v. *Parker*, 56 N. H. 481; *Manuel* v. *Manuel*, 13 Ohio St. 458; *Sturdivant* v. *Neill*, 27 Miss. 157; *Wallace* v. *Wallace*, 3 N. J. Eq. 616; note to *Bowen* v. *Johnson*, 73 Am. Dec. 56.

> *Judgment reversed, and judgment that said instrument ought not to be allowed in this State as the last will and testament of the deceased on the strength of said foreign probate thereof. Let the contestant recover her costs, and the usual certificate go down.*