## BURBANK *v.* ERNST, TUTRIX OF BURBANK, A MINOR.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 151.    Argued January 15, 16, 1914.—Decided January 26, 1914.

Where the jurisdiction of the court rendering the judgment depends upon domicile that question is open to reëxamination in the court of another State asked to give the judgment full faith and credit as required by the Federal Constitution. *Andrews* v. *Andrews*, 188 U. S. 14.

Where the evidence as to domicile of the deceased is conflicting and the state court is warranted in finding that the court of probate of another State did not have jurisdiction to probate a will because the domicile of deceased was not in that State, this court will not retry the facts; and under the facts, as found in this case, the decree of probate is not entitled to full faith and credit in another State.

Where the headnote of a decision of a state court is not given special

force by statute or rule of court, the opinion is to be looked to for
original and authentic grounds of the decision.
129 Louisiana, 528, affirmed.

THE facts, which involve the validity of a judgment of
the Supreme Court of the State of Louisiana, and the de-
termination whether that court was required to give full
faith and credit to a judgment of the probate court of
Texas, are stated in the opinion.

*Mr. Charles S. Rice* and *Mr. Sam Streetman*, with whom
*Mr. R. B. Montgomery* was on the brief, for plaintiffs in
error.

*Mr. Henry P. Dart* for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case arises in the matter of the succession of T.
Scott Burbank. He died in Texas on May 10, 1910, leav-
ing a will dated March 22, 1910, which was admitted to
probate there. The executors sought to have the will
registered in Louisiana, but the tutrix of Burbank's minor
daughter and sole heir filed in the succession record a direct
action to annul the will on the ground that the testator died
domiciled in Louisiana and that by the laws of that State
the will was void. The Supreme Court of Louisiana gave
judgment against the will and ordered the application for
registry to be dismissed 'as of non-suit.' *Succession of
Burbank*, 129 Louisiana, 528. The error assigned is that
full faith and credit were not given to the Texas decree.

Of course the jurisdiction of the Texas court depended
upon the domicile of Burbank, which therefore was open
to reëxamination. *Andrews* v. *Andrews*, 188 U. S. 14.
The objection urged is that the Louisiana court attributed
conclusive effect to Burbank's conduct in Louisiana taken

in connection with the laws there, instead of recognizing
that no statute of that State could prevent his acquiring
a domicile wherever he actually might be, elsewhere, and
instead of treating the question as one of intent and fact.
Burbank was one of the executors under his father's will
and as such, on April 8, 1909, at that time being a resident
of New Orleans, declared before a notary that then being
about to absent himself temporarily from Louisiana and
in order to comply with the law, especially Article 1154
of the Revised Civil Code, he constituted one Billings his
attorney.  If he left the State permanently, his duty, we
are told by the Supreme Court, was to surrender his trust,
render an account and pay over any balance due.  It is
true that in his Texas will he declared that Texas was his
permanent home, and that he made similar declarations
orally and in writing, but on the other hand it is found
that his agent continued to represent him, and it seems
that he continued to act, as an executor temporarily ab-
sent.  He had made a will in Louisiana just before leaving,
but ten days before making the Texas will he had consulted
a lawyer as to making a will that would be valid by the
law of Texas, which law allowed dispositions not valid by
the law of Louisiana where most of his property was.
The Supreme Court not unnaturally suspected, from the
declaration of domicile in the will and the circumstances,
that Burbank was making up a fictitious case in the hope
of avoiding the restrictions of his real domicile before he
killed himself, as it is said that he did, in May; and found
that the Texas declarations were more than counter-
balanced by his declaration of record and his official acts
as executor resident in Louisiana.  There can be no ques-
tion that the evidence was conflicting and that the court
was warranted in finding as it did.

It is not for us to retry the facts.  The ground of the
argument here is a statement in the opinion of the court
that the recital in the notarial act was conclusive evidence

that Burbank left the State with the intention of returning; but that does not import a failure to recognize, as the court clearly did recognize, that he might change his mind. Reliance also is placed upon the head note of the decision, which states that the intent to leave only temporarily is conclusively presumed to continue until the notarial procuration is recalled, and that the executors are concluded from asserting a change of domicile. But the head note is given no special force by statute or rule of court, as in some States. It inaccurately represents the reasoning of the judgment. In 129 Louisiana it is said to have been made by the court. However that may be, we look to the opinion for the original and authentic statement of the grounds of decision. It may be that in fact the conduct of the testator in Louisiana was given greater weight, because of the statutes of the State, than others might give it, but no error of law appears that would warrant a reversal of the judgment below. *German Savings & Loan Society* v. *Dormitzer*, 192 U. S. 125, 128.

*Judgment affirmed.*