Oris L. BARNEY, Executor, et al., Appellants,

v.

Dr. J. H. HUFF, Administrator, et al., Appellees.

No. 10677.

Court of Civil Appeals of Texas.

Austin.

June 17, 1959.

Rehearing Denied July 15, 1959.

Barney & Pain, Anadarko, Okl., Laynie W. Harrod, Oklahoma City, Okl., Church & Monesson, LeLaurin, Chamberlain & Guenther, San Antonio, for appellants.

Lawrence L. Bruhl, Llano, L. Hamilton Lowe, Austin, for appellees.

GRAY, Justice.

Devisees named in the will of Mrs. Cordelia Denny, deceased, have appealed from a judgment decreeing that the domicile of Mrs. Denny at the time of her death was in Llano County, Texas.

On or about April 21, 1956, Mrs. Cordelia Denny, whose husband predeceased her, died in Burnet, Texas, and at the time of her death she was possessed of real and personal property in Texas and in Oklahoma. On March 19, 1954, Mrs. Denny executed her will disposing of her estate and appointing Oris L. Barney, a resident of Caddo County, Oklahoma, executor. Barney filed application for the probate of Mrs. Denny's will in Caddo County, Oklahoma. He alleged that at the time of her death Mrs. Denny was a resident of Caddo County. The will was admitted to probate May 5, 1956 and on July 24, 1956, Barney filed certified copies of the will and the probate proceedings in the deed records of Llano and Comanche counties, Texas.

In October, 1956, Dr. J. H. Huff, in his capacity as temporary administrator of the estate of Mrs. Denny under appointment by the county court of Llano County, and also as her brother, filed this suit against Oris L. Barney, executor, and against the devisees named in the will. He alleged that:

"* * * the attempted probate of such instrument in the court of the State of Oklahoma is wholly void, and the attempted probate thereof in this State, thru the attempted compliance with the Probate Code of this State, is likewise null and void for the reason that the domicile of Cordelia Denny, Deceased, was in Llano County, Texas, and not in the State of Oklahoma, at the time of her death."

He also alleged that the probate of said will in Oklahoma was not valid, and that the will itself was invalid because: Mrs. Denny did not have mental capacity to execute the same and that the will was executed under the undue influence of Oris L. Barney. He prayed for judgment canceling said will, its probate in this State and all muniments of title growing out of said will.

Three defendants answered, alleged they were parties interested in the estate of Mrs. Denny, adopted plaintiff's allegations and prayed that they be aligned with him as plaintiffs. Other parties answered. Oris L. Barney, executor answered subject to his plea in abatement to the effect that as executor appointed in Oklahoma he cannot be sued in Texas.

The suit was first filed in the county court of Llano County. After a trial in that court the cause was appealed to the district court. A jury trial was had and the jury found that at the time of her death Mrs. Denny's domicile was in Llano County, Texas.

Upon the above jury finding the trial court rendered judgment:

"setting aside and holding for naught the filing and recording in the Deed

Records of Llano County, Texas, the proceedings had in the County Court of Caddo County, Oklahoma, in cause No. 6876 on the Docket of said Court, and ordering the record thereof *cancelled* and *annulled,* and expressly decreeing and adjudging that the domicile of Cordelia Denny, deceased, was, at the time of her death, in Llano County, Texas, and not in the State of Oklahoma, or elsewhere, and that the filing and recording of the Probate proceedings of the Estate of Cordelia Denny, deceased, in the Deed Records of Llano County, Texas, be stricken and shall be of no force and effect whatsoever, insofar as it pertains to any property belonging to Cordelia Denny, Deceased, and located in the State of Texas, at the time of her death, * * *."

Oris L. Barney, executor, Grand Lodge of Oklahoma Independent Order of Odd Fellows and the Oklahoma Methodist Home of Tahlequah, Oklahoma, have appealed. They present nine points. The first four are to the effect that the trial court did not have jurisdiction to enter the judgment supra and include the contention that the court committed fundamental error in rendering said judgment. The five remaining points complain that the trial court erred: in holding that Cordelia Denny "could not select, elect and choose Caddo County, Oklahoma as her domicile for the forum in which her will should be probated and her Estate administered;" in failing to give full faith and credit to the Oklahoma judgment; in holding that plaintiffs are interested persons entitled to contest the probate proceedings; in holding that plaintiffs had not estopped themselves from denying the validity of the Oklahoma probate proceedings, and in rendering judgment against Oris L. Barney as the Oklahoma executor of the estate of Mrs. Denny.

Appellants do not attack the jury finding supra and do not deny that at the time of her death Mrs. Denny possessed real property in Llano County, Texas.

Section 15 of Art. 5, Texas Constitution, Vernon's Ann.St., provides that there shall be established a county court in each county of this State. Section 16 of that article provides that the county court shall have general jurisdiction of a probate court, and section 8 provides that the district court shall have appellate jurisdiction and general control, in probate matters, over the county court. See also sections 4 and 5, Texas Probate Code, V.A.T.S.

When a will has been probated in another jurisdiction section 96 of the Code, makes provision for the filing of a copy of such proceedings, duly certified, in the deed records of any county in this State in which real property belonging to the testator is situated, and further provides that such will may be contested. Section 100 of the Code in part provides:

"A foreign will or testamentary instrument offered for filing and recording may be contested only upon the ground that the conditions of this Code are not met, * * *".

Section 81 requires the application for probate of a written will to state the domicile of the deceased and facts showing that the court has venue. Section 88 requires the proof, for probate, to show that the court has jurisdiction and venue. Section 6 fixes venue for the probate of wills in the county where the deceased resided if he had a domicile or fixed place of residence in the State.

■ The undisputed fact that Mrs. Denny was domiciled in Llano County, Texas and that she possessed real property there are sufficient to show that the conditions of the Code were not met by the Oklahoma proceedings and to confer jurisdiction on the county court of Llano County over this cause under both the Constitution and Probate Code of this State.

In Holland v. Jackson, 121 Tex. 1, 37 S.W.2d *726, 727,* the court said:

"The vital question presented for decision has reference to the power of

the trial court, in view of the full faith and credit clause of the Federal Constitution (article 4, § 1) and of the act of Congress pursuant thereto (28 U.S. C.A., § 687), to re-examine matters of fact whose adjudication is purported by the order of probate entered by the California court. The question goes primarily to the matter of jurisdiction in the California court to establish the authenticity of Jackson's purported will, as against the world. It is fairly well settled by the weight of authority in this country that jurisdiction of the original probate of a will is possessed exclusively by the courts of the state where the testator was domiciled when he died. When the will is regularly probated there, the constitutional provision under consideration requires all sister states to give full faith and credit to the order of probate as verifying the instrument. In such a case, the question of authenticity of the instrument would be res adjudicata; but the question as to the legal effect of the instrument would not be. Inasmuch, however, as jurisdiction of original probate depends on the domicile of the testator, the question of domicile is always open for re-examination whenever full faith and credit is demanded in one state for an order of probate entered in another state. Burbank v. Ernst, 232 U.S. 162, 34 S.Ct. 299, 58 L.Ed. 551; Talbot v. Chamberlain, 149 Mass. 57, 20 N.E. 305, 3 L. R.A. 254; Scripps v. Wayne Probate Judge, 131 Mich. 265, 90 N.W. 1061, 100 Am.St.Rep. 614; Holyoke v. Holyoke['s Estate], 110 Me. 469, 87 A. 40; Sullivan v. Kenney, 148 Iowa 361, 126 N.W. 349; Matter of Horton['s Will], 217 N.Y. 363, 111 N.E. 1066, Ann.Cas. 1918A, 611; Bate v. Di Camerana, 59 Miss. 513; Stark v. Parker, 56 N.H. 481; Manuel v. Manuel, 13 Ohio St. 458; Tarbell v. Walton, 71 Vt. 406, 45 A. 748.

"From what has already been said, it will be seen that the only subject of inquiry properly open to the trial court was as to the domicile of Jackson. If the latter was domiciled in California, the trial court was bound to give full faith and credit to the probate order entered in that state, as establishing the authenticity of Jackson's will. If Jackson was domiciled in Texas, then the order of the California court was not entitled to be recorded in this state. The recital contained in the probate order entered in California, to the effect that Jackson's domicile was there, is prima facie proof of the fact recited. Testimony to overcome this prima facie proof was introduced by the defendants in error, * * *"

Also see Jones v. Jones, Tex.Civ.App., 301 S.W.2d 310, Er. ref., n. r. e.

■ This is a suit to contest the validity of the Oklahoma probate proceeding. Cavanaugh v. Cavanaugh, Tex.Civ.App., 238 S. W. 1019, Er. ref. 44 Tex.Jur., p. 932, Sec. 346. It is a probate proceeding within the jurisdiction of the county court and on appeal the district court. Dew v. Dew, 23 Tex.Civ.App. 676, 57 S.W. 926, Er. ref.

■ The trial court having jurisdiction to decide the controversy before it then it was authorized to determine the legal results that followed its judgment as well as authority to carry its judgment into execution. 11 Tex.Jur. p. 711, Sec. 9. The court determined that the Oklahoma proceeding was void as to land in Texas. The result of this determination was that the recording of the Oklahoma proceedings in Llano County was of no force and effect and it was proper to cancel, annul and strike the record of such proceedings from the deed records of that county.

The jury's finding and the trial court's judgment cannot be properly interpreted as saying that Mrs. Denny could not select and establish her domicile in Caddo County, Oklahoma. The finding and judgment

are that her domicile was in Llano county and so she did not exercise her right to select Caddo County as her domicile. Appellants cite Lanius v. Fletcher, 100 Tex. 550, 101 S.W. 1076, 1077, in support of their contention that Mrs. Denny could and did select Caddo County as her domicile. There Mrs. Gilpin, the testatrix, died domiciled in Illinois and was possessed of personal property in Texas. The court was concerned with the question of the testatrix's intention as to trust property (personalty) in Texas. The court said:

"It is well settled that the law of the state where the testatrix had her domicile shall govern the disposition of personal property wherever the property may be located, unless it clearly appears that Mrs. Gilpin had in mind the laws of Texas at the time she made her will. This rule is clearly and tersely expressed as follows: 'The law of the testator's last domicile governs the construction and interpretation of the will in respect to the trust, and likewise the validity of the disposition, the rights, powers, and duties of the trustee, and all questions of title between him and the cestui que trust arising under the will, unless, of course, it is manifest that the testator had in mind the law of another jurisdiction.' 22 Am. & Eng.Ency.Law, p. 1369; Rosenbaum v. Garrett, 57 N.J.Eq. 186, 41 A. 252; Harrison v. Nixon, 9 Pet. (U.S.) 483, 9 L.Ed. 201. The rule is so generally accepted that it is unnecessary to cite additional authorities in support of it."

The question as to Mrs. Denny's intention as to the disposition of personal property is not here presented.

■ Dr. Huff sued as the temporary administrator of the estate of Mrs. Denny under his appointment as such by the county court of Llano County. He also sued as her brother and this constituted him an heir. In his petition, Dr. Huff requested the court to take judicial notice of his appointment and also that he was authorized and directed to institute this suit in his representative capacity.

■ This suit and the proceedings in which Dr. Huff was appointed temporary administrator and there directed and authorized to file this suit are closely related. In fact the orders last mentioned are ancillary to the suit and it was proper for the trial court to judicially notice the appointment and orders of such ancillary and connected suit. Connellee v. Witty, Tex.Civ. App., 246 S.W. 715. First State Bank of Loraine v. Jackson, Tex.Civ.App., 13 S.W. 2d 979. McCormick & Ray, Texas Law of Evidence, 2d Ed., Vol. 1, p. 202, Sec. 185. 17 Tex.Jur. p. 206, Sec. 29. Further Dr. Huff in his named capacities was a person interested in the estate of Mrs. Denny. See: Section 3, Texas Probate Code, V.A.T.S. Moreover appellants did not deny under oath the capacity of Dr. Huff to sue in his alleged capacities as is required by Rule 93, Texas Rules of Civil Procedure.

As to Dr. Huff the will of Mrs. Denny provides:

"Third: I make no provision in this will for my brother, J. H. Huff, Buchanan Dam, Texas, for the reason that I have made previous advancements to him."

The will made a bequest to Alma Camp, a sister of Mrs. Denny. The parties who aligned themselves with Dr. Huff supra claim an interest in the estate of Mrs. Denny as heirs at law of Mrs. Alma Camp, Deceased. It appears that she died about January 5, 1957 and the answer of her heirs supra was filed July 11, 1957.

Mrs. Alma Camp filed a plea to the jurisdiction of the Oklahoma probate court. The court there sustained a demurrer to the plea on the ground that it came too late and the court was without jurisdiction to entertain it. This was not a judgment on the merits and at most it cannot be said that Mrs. Camp took a position before the Oklahoma Court inconsistent with that taken by her heirs here.

▮ The order admitting the will to probate in Oklahoma recited that there were "no contests or objections" filed to the application for probate. As to Dr. Huff the most that can be said is that he began contest proceedings in Oklahoma which were not prosecuted to judgment and also that he filed a creditor's claim there for expenses incurred by him in the amount of $97.91 and which claim was allowed and ordered paid. We think that plaintiffs are not shown to have estopped themselves from contesting the validity of the Oklahoma probate proceedings. Jones v. Jones, supra. The only issue before the trial court was the domicile of Mrs. Denny at the time of her death and this issue when determined fixed the jurisdiction for the probate of her will in Texas which jurisdiction is not proved or conferred by estoppel. Obviously a person cannot by his conduct set aside clear and positive provisions of the law fixing the jurisdiction for the probate of wills. Zaruba v. Schumaker, Tex.Civ.App., 178 S.W.2d 542, citing Huston v. Cole, 139 Tex. 150, 162 S.W. 2d 404.

If this was purely a suit against Oris L. Barney as the Oklahoma Executor of the Estate of Mrs. Denny then appellants' point nine to the effect that Barney as the Oklahoma executor could not be sued in Texas would be sustained. In Faulkner v. Reed, Tex.Com.App., 241 S.W. 1002, 1007, the court said:

"No judgment can be rendered against an estate unless it has a legal representative before the court. An administrator, appointed by the courts of Ohio, could not, by virtue of said appointment sue or be sued in the courts of Texas, or in any way act as legal representative of said estate in Texas. An administrator is the agent solely of the court appointing him, clothed with authority to administer only such assets as are within the jurisdiction of the court making such appointment. In other words, an administrator has no extraterritorial authority."

▮ In the case here the foreign executor undertook, by filing copies of the Oklahoma proceedings under section 96, supra, to make those proceedings effective as to the Llano County land. Appellees invoked the jurisdiction of the Texas court to contest the validity of the Oklahoma probate proceeding on the ground that Mrs. Denny at the time of her death was domiciled in Texas. Barney was given notice of this proceeding and not only filed his answer in the cause but testified by deposition. He submitted to the jurisdiction of the Texas court and is bound by its judgment. 14–B, Tex.Jur. p. 256, Sec. 1178. We think appropriate to the facts here is the language of the court in Baber v. Houston Nat. Exch. Bank, Tex.Civ.App., 218 S.W. 156, 160, Er. ref. The Court said:

"It is undoubtedly true that, generally speaking, a judgment in a suit by or against a foreign executor, brought in a court of this state, would not be binding upon the estate, but it does not follow from this that when a court of this state, in a suit between parties who have properly invoked its jurisdiction, acquires jurisdiction of the fund in controversy between the parties the judgment of the court disposing of the fund is not binding upon all persons, interested in or claiming the fund, who are given proper notice of the suit and have full opportunity to appear and assert their claims."

We do not of course apply our decision to the assets of Mrs. Denny located in Oklahoma. We do however hold that insofar as the Texas land is concerned the Oklahoma probate proceedings are of no force or effect.

The judgment of the trial court is affirmed.

Affirmed.