**J.R. MAXFIELD, Jr., Appellant,**

v.

**John Robert TERRY, as Personal Representative of the Estate of Marie S. Maxfield, deceased, Appellee.**

No. 05–93–00072–CV.

Court of Appeals of Texas, Dallas.

Sept. 13, 1994.

Rehearing Denied Oct. 5, 1994.

▆

Before BAKER, BURNETT and WHITTINGTON, JJ.

## OPINION ON REMAND

BAKER, Justice.

On original submission, we found J.R. Maxfield, Jr. did not perfect his appeal from the trial court's denial of his declaratory relief action in probate cause number 91–04482–P(A). We dismissed J.R.'s first and second points of error for want of jurisdiction. We also found J.R.'s third point of error depended on a favorable ruling on his first two points of error. We affirmed the probate court's denial of J.R.'s application for letters of administration in probate cause number 91–04482–P. In a per curiam opinion, the Texas Supreme Court found that this Court did not liberally apply the rules of appellate procedure in holding that J.R. did not perfect his appeal of the declaratory judgment action. *Maxfield v. Terry,* 37 Tex. Sup.Ct.J. 1171, 1994 WL 278369 (June 22, 1994) (per curiam). That court remanded the cause to this Court to decide the merits of J.R.'s appeal.

J.R. contends the probate court erred in granting Terry summary judgment because it did not have to give the Florida order full faith and credit. J.R. argues the probate court erred in granting Terry summary judgment because J.R. raised a fact issue on what state was the testator's domicile. Finally, J.R. argues the probate court erred in denying him letters of administration. We overrule J.R.'s points of error. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

This appeal involves an inter-family will contest. Marie S. Maxfield, the testator, died in a nursing home in Pinellas County, Florida. Before becoming a resident of the nursing home in August 1991, Marie was a life-long resident of Dallas, Texas. Two weeks before her death, Marie executed a will. The will recited Marie's domicile as Pinellas County, Florida.

Donald P. Wiley, Mark Mueller, Dallas, for appellant.

Scott Pelley, Dallas, for appellee.

Terry petitioned the circuit court in Pinellas County to admit Marie's will to probate. In his petition, Terry recited Marie's domicile and residence as Pinellas County, Florida. The court ordered the will admitted to probate in Pinellas County, Florida. The court issued letters of administration to Terry. In the letters of administration, the court recited that Marie lived at 8355 Seminole Boulevard, Seminole, Florida, and owned assets in Florida.

In February 1992, Terry applied for probate of Marie's will in the Dallas County Probate Court under section 95 of the Texas Probate Code that provides for probate of a foreign will. J.R. notified the Dallas County Probate Court that he was contesting the will in Florida. J.R. requested the Dallas County Probate Court to stay its proceedings. The Dallas County Probate Court stayed its proceedings.

In Florida, J.R. and Terry filed pleadings, conducted discovery, and prepared to try J.R.'s contest. In his pleadings, J.R. contended that Florida was not Marie's domicile. The Florida court set the trial for April 24, 1992. J.R. voluntarily non-suited his Florida contest on April 23, 1992.

Four days later, J.R. requested the Dallas County Probate Court to declare that Texas was Marie's domicile. Terry moved for summary judgment claiming res judicata, estoppel by judgment, and full faith and credit barred J.R. from pursuing his claim for declaratory relief. The Dallas County Probate Court granted Terry's summary judgment motion.

## THE PARTIES' CONTENTIONS

J.R. argues the trial court erred in granting Terry summary judgment because it did not have to give the Florida order full faith and credit. J.R. argues the summary judgment evidence conclusively established there was no actual determination of Marie's domicile in Florida. J.R. contends that because the Florida court did not decide his contest, he can raise the domicile issue in Texas. J.R. argues he and Terry did not fully and fairly litigate the domicile issue.

Terry argues the Florida court finally determined the domicile issue. Terry contends the Florida court determined the domicile issue when it admitted Marie's will to probate. Terry argues the Florida court gave J.R. an opportunity to contest its domicile finding. Terry argues that when J.R. voluntarily non-suited his contest, the Florida determination of domicile became final and binding. Terry contends the parties had an opportunity to fully and fairly litigate the domicile issue in Florida. Terry concludes the Texas probate court had to give the Florida order full faith and credit because J.R. voluntarily gave up the opportunity to contest the Florida court's determination of Marie's domicile.

## SUMMARY JUDGMENT

### A. Standard of Review

Texas case law clearly defines the standard of review for summary judgment rulings. The standard of review for summary judgments is well known. *See Spencer v. City of Dallas,* 819 S.W.2d 612, 615 (Tex. App.—Dallas 1991, no writ).

### B. Applicable Law

#### 1. Federal Law

The United States Constitution provides that every state must give the public acts, records, and proceedings of other states full faith and credit. U.S. CONST. art. IV, § 1. The United States Supreme Court interprets this provision to mean that a state must give another state's judgment at least the res judicata effect it would receive in the state rendering the judgment. *Durfee v. Duke,* 375 U.S. 106, 110, 84 S.Ct. 242, 244–45, 11 L.Ed.2d 186 (1963). However, one state's judgment is conclusive upon a second state only if the first state court had jurisdiction to render the judgment. *See Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n,* 455 U.S. 691, 704–05, 102 S.Ct. 1357, 1365–66, 71 L.Ed.2d 558 (1982).

In *Durfee,* the Supreme Court held a state must give another state's judgment full faith and credit—even to questions of jurisdiction—when its inquiry shows the parties fully

and fairly litigated the issue in the other state. *See Durfee,* 375 U.S. at 111, 84 S.Ct. at 245. A second court has the power and, upon proper pleadings, the duty to inquire into the rendering court's jurisdiction. When that inquiry shows the parties fully and fairly litigated the jurisdictional issue, full faith and credit prevents further inquiry. *Durfee,* 375 U.S. at 116, 84 S.Ct. at 248.

After a party has his day in court, with the opportunity to present his evidence and his view of the law, a collateral attack upon the decision based on whether the first court had jurisdiction merely retries the issue previously determined. *See Stoll v. Gottlieb,* 305 U.S. 165, 172, 59 S.Ct. 134, 137–38, 83 L.Ed. 104 (1938). If a party does not take advantage of the opportunity the court afforded him to litigate an issue, the responsibility is his own. *Sherrer v. Sherrer,* 334 U.S. 343, 352, 68 S.Ct. 1087, 1091, 92 L.Ed. 1429 (1948). A party must advance his argument that the first court did not have authority to settle the claims before it when given the opportunity to do so. A party cannot escape the requirements of full faith and credit and res judicata by asserting his own failure to raise matters clearly within the earlier proceeding. *Underwriters Nat'l Assurance Co.,* 455 U.S. at 710, 102 S.Ct. at 1368–69.

### 2. Texas Law

█ Texas courts apply the full faith and credit doctrine to another state's determination to admit a will to probate in that state. *See, e.g., Mayhew v. Caprito,* 794 S.W.2d 1 (Tex.1990) (per curiam). A Texas resident cannot relitigate the issue of a testator's domicile after the parties have fully and fairly litigated the issue in another state. *Mayhew,* 794 S.W.2d at 2. In *Mayhew,* the parties fully and fairly litigated what state was the testator's domicile in a Louisiana court. That court found Louisiana was the domicile of the testator. The Texas Supreme Court found Texas courts had to give the Louisiana court's determination full faith and credit. Texas courts could not reexamine the domicile issue. *Mayhew,* 794 S.W.2d at 2.

Before *Durfee,* the Austin Court of Civil Appeals found it could reexamine the issue of a testator's domicile after another state ad-mitted the testator's will to probate. *See Barney v. Huff,* 326 S.W.2d 617, 621 (Tex. Civ.App.—Austin 1959, writ ref'd n.r.e.). The Austin court followed the then-existing law that a second court could always reexamine the first court's jurisdiction when deciding whether to give a judgment full faith and credit. *Barney,* 326 S.W.2d at 621. *Durfee* altered the law of full faith and credit by recognizing that res judicata applies to jurisdictional issues. *See Durfee,* 375 U.S. at 112, 84 S.Ct. at 245–46. *Mayhew* followed *Durfee* when it found Texas courts could not relitigate the domicile issue if the parties had fully and fairly litigated the issue and the first court had finally decided the issue. *See Mayhew,* 794 S.W.2d at 2.

█ It is well settled in Texas that a probate order is final and appealable if it finally disposes of and is conclusive on an issue or controverted question for which the parties brought a particular part of the proceeding. *See Fischer v. Williams,* 160 Tex. 342, 331 S.W.2d 210, 213–14 (1960).

### 3. Florida Law

In Florida, the circuit court may admit a will to probate if the will is self-proved or upon one attesting witness's oath. FLA.STAT. ANN. § 733.201(1), (2) (West 1976). A personal representative must promptly publish notice of administration and serve a copy of the notice on the surviving spouse and all beneficiaries under the will. FLA.STAT.ANN. § 733.212(3) (West Supp.1994). The personal representative may similarly serve a copy of the notice on any heirs or previous devisees. FLA.STAT.ANN. § 733.212(3) (West Supp.1994).

A person on whom the personal representative served notice must file any challenge to the will's validity, the personal representative's qualifications, venue, or jurisdiction of the court within the later of three (3) months after the date of the first publication of the notice or thirty (30) days after the date of service of the notice on the objecting person. FLA.STAT.ANN. § 733.212(1)(b) (West Supp. 1994). Florida law bars interested persons who received notice from objecting, if the person does not object within the specified

time limits. Thus, an order admitting a will becomes final on these matters for interested persons who received notice, once the specified time limits pass. *See* FLA.STAT.ANN. § 733.212(5) (West Supp.1994).

### C. Application of Law to the Facts

In his first point of error, J.R. asserts there was no final judgment disposing of his contest in Florida. J.R. argues he can litigate the domicile issue in Texas because *Mayhew* applies only when there is a final judgment on the merits reached in the first state. J.R. contends the *Barney* decision applies to allow him to litigate the domicile issue because the Florida court never decided his contest. J.R. argues he and Terry never fully and fairly litigated the domicile issue because he non-suited his contest. He concludes that Texas courts do not have to give full faith and credit to the Florida order admitting Marie's will to probate. We disagree.

First, we determine whether full faith and credit applies to the Florida order admitting Marie's will to probate. Full faith and credit requires a state to give effect to another state's judgment when the parties fully and fairly litigated the cause in the first state. *See Durfee*, 375 U.S. at 111, 84 S.Ct. at 245. Under Texas law, probate orders are the functional equivalent of a judgment when the order finally disposes of a particular issue between the parties. *See Fischer*, 331 S.W.2d at 213–14. Under Florida law, the order admitting Marie's will is final on the issue of the Florida court's jurisdiction because J.R. did not contest the determination that Florida was Marie's domicile. *See* FLA. STAT.ANN. § 733.212(5) (West Supp.1994).

J.R. had to contest the Florida court's determination on its jurisdiction within the time limits specified in the Florida Probate Code. When J.R. non-suited his contest, the order admitting Marie's will became final to him because he gave up the opportunity that Florida law allowed him to contest the order on that issue. Because the order is final to interested parties and the functional equivalent of a judgment, full faith and credit applies to the order.

Full faith and credit requires Texas courts to recognize other states' judgments and give the judgments the same res judicata effect the rendering state would give. *Durfee*, 375 U.S. at 111, 84 S.Ct. at 245. Full faith and credit allows Texas courts to inquire into whether the first court decided the issue of its jurisdiction. If the first court found it had jurisdiction over the subject matter and parties, Texas courts must give res judicata effect to that determination when the parties fully and fairly litigated that issue. *Durfee*, 375 U.S. at 111, 84 S.Ct. at 245; *See Mayhew*, 794 S.W.2d at 2.

Most full faith and credit cases bar parties from relitigating an issue once they have participated in the first action and raised the issue in the first court. However, in *Sherrer*, a wife started divorce proceedings in Florida. The husband appeared in the divorce proceeding. The husband did not contest whether Florida was his wife's domicile and, thus, whether the Florida court had jurisdiction. The Florida court granted the divorce. Later, the husband collaterally attacked the Florida decree in Massachusetts. The United States Supreme Court found that Massachusetts had to give the Florida judgment full faith and credit. *Sherrer*, 334 U.S. at 352, 68 S.Ct. at 1091. Full faith and credit prevented the husband from raising the jurisdictional issue because he had the opportunity to contest it in Florida and gave up that opportunity. *Sherrer*, 334 U.S. at 352, 68 S.Ct. at 1091. In *Sherrer* and *Underwriters National Assurance Co.*, the United States Supreme Court found that full faith and credit barred parties from relitigating an issue because they had the *opportunity* to fully and fairly litigate the issue in the first proceeding. *Underwriters Nat'l Assurance Co.*, 455 U.S. at 710, 102 S.Ct. at 1368–69; *Sherrer*, 334 U.S. at 352, 68 S.Ct. at 1091.

Here, the Florida court admitted the will to probate after an ex parte hearing. When the Florida court admitted Marie's will to probate, it decided Marie's domicile because domicile is the basis for probate jurisdiction. *See Williams v. North Carolina*, 325 U.S. 226, 231, 65 S.Ct. 1092, 1095–96, 89 L.Ed. 1577 (1945); *Tilt v. Kelsey*, 207 U.S. 43, 46, 28 S.Ct. 1, 2, 52 L.Ed. 95 (1907). Florida law

then allowed J.R. to contest its determination of the domicile issue. J.R. availed himself of the opportunity to contest the Florida court's determination on Marie's domicile. J.R. subjected himself to the jurisdiction of the Florida court, but non-suited his contest the day before trial. When J.R. non-suited his Florida contest he voluntarily gave up the opportunity Florida law provided him to contest the domicile issue.

Though J.R. never presented evidence in an adversarial proceeding on Marie's domicile, we find that full faith and credit prevents him from relitigating the issue in Texas. The full faith and credit doctrine dictates that, under these facts, a party cannot avoid its effect by non-suiting the contest. Under *Sherrer* and *Underwriters National Assurance Co.*, Texas courts must give a judgment full faith and credit if the other state afforded the parties the opportunity to fully and fairly litigate the issues and the parties gave up that opportunity. *See Underwriters Nat'l Assurance Co.*, 455 U.S. at 710, 68 S.Ct. at 1368–69; *Sherrer*, 334 U.S. at 352, 68 S.Ct. at 1091.

Under Florida law, when J.R. non-suited his contest, the Florida order admitting Marie's will to probate became final to J.R. *See* FLA.STAT.ANN. § 733.212(5) (West Supp. 1994). In Florida, the order would not be subject to a contest such as this. Once J.R. nonsuited his contest, Florida law barred his claims because the Florida Probate Code's time limits had run. *See* FLA.STAT.ANN. § 733.212(5) (West Supp.1994). Giving the Florida order the same res judicata effect that Florida would give it, J.R. cannot bring his petition for declaratory relief.

J.R. also argues that Texas law allows him to raise the issue of domicile in Texas. J.R. relies on *Barney* to argue Texas courts can reexamine the issue of Marie's domicile. J.R. overlooks that the Austin Court decided *Barney* before the United States Supreme Court altered full faith and credit law in *Durfee.*

Before *Durfee*, a second court could always reexamine the first court's jurisdictional basis. *See, e.g., Burbank v. Ernst*, 232 U.S. 162, 34 S.Ct. 299, 58 L.Ed. 551 (1914). The Austin court decided *Barney* before *Durfee*,

when the full faith and credit doctrine allowed a second court to reexamine the domicile issue even if the first court had finally decided the issue after the parties had the opportunity to fully and fairly litigate the issue. *See Barney,* 326 S.W.2d at 621.

*Mayhew,* decided after *Durfee,* limited its examination of the domicile issue to whether the Louisiana court had decided the issue. *Mayhew,* 794 S.W.2d at 2. The Texas Supreme Court followed *Durfee* when deciding whether Texas courts had to give full faith and credit to the Louisiana judgment. Texas law does not allow parties to relitigate the issue of a testator's domicile once a Texas court determines that the first court finally decided the issue. *See Mayhew,* 794 S.W.2d at 2.

The trial court correctly gave the Florida order full faith and credit because the Florida court finally determined the issue of Marie's domicile, afforded J.R. the opportunity to fully and fairly litigate the issue, and J.R. gave up that opportunity. Giving the Florida order the same res judicata effect that a Florida court would give it, we find res judicata bars J.R.'s claim for declaratory relief in probate cause number 91–04482–P(A). The trial court did not err in granting Terry summary judgment because, through the full faith and credit doctrine, res judicata barred J.R.'s claim. We overrule J.R.'s first point of error.

Because we overrule J.R.'s first point of error, our ruling is dispositive of the appeal of probate cause number 91–04482–P(A). We need not consider J.R.'s second point of error.

## LETTERS OF ADMINISTRATION

In his third point of error, appellant contends the trial court erred in denying his application for letters of administration in probate cause number 91–04482–P. J.R. argues the trial court based its judgment denying his application for letters of administration on the erroneous summary judgment for Terry. J.R.'s third point of error depends on a favorable disposition of his first two points of error. We have already held that the trial court did not err in granting Terry summary

judgment based on full faith and credit. We overrule J.R.'s third point of error.

We affirm the trial court's judgments.