Kent B. DIEHL, Sr., et al., Plaintiffs,

Beth Koehler Diehl, Individually, etc., et al., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 29022.

United States Court of Appeals, Fifth Circuit.

Feb. 18, 1971.

706

Dougal C. Pope, Donald G. Ritter, Houston, Tex., for plaintiffs-appellants.

Johnnie M. Walters, Lee A. Jackson, Asst. Attys. Gen., Tax Division, U. S. Dept. of Justice, Washington, D. C., Crombie J. D. Garrett, Ann E. Belanger. Attys., Dept. of Justice, Tax Div., Washington, D. C., Jerry Wells, Tax Div., Dept. of Justice, Fort Worth, Tex., Charles K. Ruth, Asst. U. S. Atty., Beaumont, Tex., for defendant-appellee; Roby Hadden, U. S. Atty., of counsel.

Before COLEMAN, INGRAHAM, and WILKEY [*], Circuit Judges.

COLEMAN, Circuit Judge:

This appeal presents three questions: (1) whether Mrs. Beth Koehler Diehl was estopped in the State of Texas from claiming to be the lawful widow of Kent B. Diehl, deceased; (2) whether her appointment as independent executrix of Diehl's estate by the County Court of Harris County, Texas, was void; and (3) whether either she as independent executrix, or a temporary administrator subsequently appointed, could be substituted as party plaintiff in a suit originally filed by the decedent for the refund of federal income taxes allegedly due the estate from a claimed overpayment in 1957. The District Court held against Mrs. Diehl and the temporary administrator on all points. They appeal. We affirm.

On September 27, 1962, Kent B. Diehl, Sr., formerly a resident of Orange County, Texas, more recently a resident of California, filed suit in the United States District Court at Beaumont, Texas, for a refund of $5,548.21 federal income taxes paid for the year 1957. The Government had already brought criminal proceedings against Diehl for alleged evasion of 1957 taxes. The District Court stayed all proceedings on the refund suit pending the disposition of the criminal charges. Mr. Diehl was suffering from a heart condition and secured several delays of a criminal trial on that account. On September 22, 1966, he died of a heart attack and the criminal prosecution was dismissed.

Some sixty days later, December 8, 1966, without mentioning Diehl's death, Beth Koehler Diehl moved to intervene as a plaintiff in the refund suit, alleging that she filed a joint return with the deceased in 1957, paid $5,548.21 in taxes which represented community property, and that she was entitled to ½ of any refund which might be recovered. Leave to intervene was promptly granted.

On February 13, 1967, Mrs. Diehl moved to be substituted as one of the plaintiffs in the place of Kent B. Diehl, Sr., alleging that he had died on September 22, 1966, and that she had been appointed independent executrix of the estate on January 24, 1967. This motion was granted.

In August, 1967, the Government counterclaimed in the amounts of $499,-337.95 federal income taxes, $249,688.97 civil fraud penalties, and $249,688.97 interest for the year 1957.

On May 20, 1968, the Government filed a sworn motion to vacate the order which had substituted Beth Diehl, independent executrix, as a party plaintiff. The motion was based on certain facts stated not to have been known to the Government, and unknown to the Court, when the substitution order had been granted.

The Government's motion to vacate asserted that Mrs. Diehl's application

---

[*] Judge of the United States Court of Appeals for the District of Columbia, sitting by designation.

for letters testamentary in the County Court of Harris County, Texas, was false and fraudulent, and was by her knowingly and wilfully made, in the following particulars:

1. The application alleged that Kent B. Diehl, Sr. was domiciled in Harris County, Texas, at the time of his death, whereas, in fact, Diehl moved to Pittsburg, Kansas, in 1959. He resided there until 1961, at which time he moved his permanent residence to Glendale, California, where he died at the Glendale Memorial Hospital on September 22, 1966;

2. The applicant asserted that she was the wife of Kent B. Diehl, Sr. at the time of his death and that she was his widow at the time of the filing of the proceedings in Harris County, whereas, in fact, on October 28, 1959, *at her suit*, she obtained a divorce from Kent B. Diehl, Sr. in Jaurez, Mexico, with both husband and wife being represented by counsel in the proceedings. Subsequently thereto, on November 26, 1959, at Joplin, Missouri, Diehl married Carmen Ramsey, with whom he was living as husband and wife in California at the date of his death;

3. That Mrs. Beth Koehler Diehl specifically represented in her Harris County application that Kent B. Diehl, Sr. was never divorced, making no mention of the Juarez divorce. Section 81(a) (9) of the Texas Probate Code, V.A.T.S. requires a petition for probate to state whether a decedent was ever divorced.

Upon examination of the record, we find these sworn allegations to have been undisputed except that in her application to the Harris County Court Mrs. Diehl as to the residency of the deceased added the words, "based on Applicant's understanding of the law". The statement that the deceased was never divorced was not qualified in any respect whatsoever.

■ It may be also pointed out that under § 69 of the Texas Probate Code if a testator is divorced after making a will all provisions of that will affecting the previous spouse, including appointing her as a fiduciary, are rendered null and void. Mrs. Diehl's testimony by deposition revealed that she knew Kent B. Diehl, Sr., resided in California at the time of his death and, in fact, the undisputed allegations of the Government's motion to vacate shows that Mrs. Diehl's income tax returns for the calendar years 1959, 1960, 1961, 1962, 1963, 1964, 1965, and 1966 were all prepared by the attorney who represented her former husband in his income tax troubles, who had filed the refund suit in 1962, and who represented her both in the County Court of Harris County and the United States District Court in these motions to intervene and for substitution as a party plaintiff. Mrs. Diehl attempted to claim that Diehl's visits to Houston to confer with his attorney about his income tax cases created a domicile in Harris County. The District Court correctly rejected this contention.

The District Court found that deliberate misrepresentations had been made to the County Court, intended to lead that Court to believe that the deceased resided in Harris County and that Beth K. Diehl was his widow, *without which that Court would have held that it had no jurisdiction*. These findings are amply supported in the evidence and are not clearly erroneous.

■ Mrs. Diehl defended her position in the District Court on the ground that the Mexican divorce was invalid, therefore she was the widow of the deceased. This is clearly untenable and a 1954 decision of the Texas Court of Civil Appeals put her and her counsel on definite notice to that effect. The situation here is in no wise dissimilar to that in Dunn v. Tiernan, 284 S.W.2d 754 (Tex.Civ. App., 1955), in which it was settled in Texas that a party who seeks and obtains a Mexican divorce is thereafter estopped to deny its validity under the circumstances described in that opinion. To like effect, see Johnson v. Muelberger, 1951, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (Florida divorce—full faith

and credit); Perrin v. Perrin, 3 Cir., 1969, 408 F.2d 107 (Mexican divorce—both parties appearing—comity).

In the light of these facts, the District Court further held that the judgment of the Harris County Court naming Beth Koehler Diehl executrix of the estate of Kent B. Diehl, Sr. was void and not entitled to full faith and credit because it had been procured by fraud. The Court further held that in filing the application for substitution as a party plaintiff in the alleged capacity of executrix of the estate of the deceased Mrs. Diehl had likewise perpetrated a fraud upon the District Court. The order allowing Mrs. Diehl to intervene as a party plaintiff in her capacity as executrix was vacated.

This action was free of error. The deceased had no domicile in Texas, his domicile was in California, he had no fixed place of residence in Texas, he had no next of kin nor any property in Texas. The Probate Court of Harris County was led to believe that it had jurisdiction by the misrepresentations already alluded to. Mrs. Diehl was estopped to contend that she was the widow of the deceased. Under the circumstances of this case the District Court was not required to give full faith and credit to the Harris County judgment admitting the will to probate and appointing Mrs. Diehl as executrix. Where jurisdiction depends upon domicile that question is always open to re-examination, even upon contradictory evidence, Burbank v. Ernst, 1914, 232 U.S. 162, 34 S.Ct. 299, 58 L.Ed. 551, expressly followed in Barney v. Huff, 326 S.W.2d 617, 621 (Tex. Civ.App., 1959). Moreover, fraud destroys the validity of everything into which it enters. It affects fatally even the most solemn judgments and decrees, Nudd v. Burrows, 1875, 91 U.S. 426, 440, 23 L.Ed. 286. Texas has repeatedly held that its Probate Courts are without jurisdiction to probate the wills of deceased individuals domiciled in other states, with no fixed place of residence in Texas, and who die outside the State leaving no next of kin or property within the State. See, e. g., Cooper v. Gulf, C. & S. F. Ry. Co., 41 Tex.Civ.App. 596, 93 S.W. 201 (1906).

This leaves for disposition the issue as to the status of Mr. Ritter, the temporary administrator. On February 17, 1969, after Mrs. Diehl had been dismissed from the case, Donald G. Ritter, an attorney in Houston, Harris County, Texas, filed a motion in the United States District Court that he, as temporary administrator of the estate of Kent B. Diehl, Sr., deceased, be substituted as one of the plaintiffs for Kent B. Diehl, Sr. It was alleged that Ritter had been appointed temporary administrator of the estate on January 30, 1969, in the Harris County Court. This motion to substitute was granted on April 8, 1969. On October 31, 1969, the District Court, *sua sponte*, reconsidered the order of April 8, 1969, vacated that order, denied the motion originally granted, struck the pleadings filed by Ritter, and dismissed the complaint, the intervention, and the counterclaim for want of jurisdiction.

In a memorandum opinion dated October 31, 1969, the District Court held that for the Harris County Court to have jurisdiction to appoint a legal representative of the estate of Kent B. Diehl, Sr. there had to be assets in the State of Texas belonging to the decedent at the time of his death; the only asset of the estate is the suit instituted by Diehl in the District Court in 1962 for the refund of income taxes from the United States; that for the purpose of founding an administration upon the estate of a decedent, a debt of the United States is an asset at the domicile of the creditor, regardless of whether the Government may choose to pay it or to be sued for it; Diehl, Sr. was a resident of the State of California at his death; the fact that he filed the suit for refund in the District Court at Beaumont pursuant to the general venue statute 28 U. S.C.A. § 1402(a) did not affect the locality of the chose; did not situate the

claim in the State of Texas for the purpose of founding administration thereon; and that the debt [if there was one] must be considered to have its situs in California, the domicile of Diehl at his death. Therefore, held the District Court, the Harris County Court was without jurisdiction to appoint Ritter as temporary administrator of the estate because the application for the temporary administration revealed on its face that the claim for income tax refund was the sole asset of the estate and the appointment pursuant to that allegation was void, Texas having no jurisdiction over the estate of a decedent domiciled in another state with no assets in the State of Texas.

■ Ordinarily, a debt is an asset at the domicile of the debtor, Maxwell v. Bugbee, 1919, 250 U.S. 525, 40 S.Ct. 2, 63 L.Ed. 1124. As to debts of the Government, however, the rule is otherwise. On at least two occasions the Supreme Court has held that as to debts of the Government the *domicile for the purpose of founding administration is at the domicile of the creditor.* As to this, see the very interesting decision in Wyman v. Halstead, 1884, 109 U.S. 654, 3 S.Ct. 417, 27 L.Ed. 1068, cited with approval in United States v. Borcherling, 1902, 185 U.S. 223, 22 S.Ct. 607, 46 L. Ed. 884.

■ Ritter claims, however, that § 6(e) of the Texas Probate Code authorized his appointment. That section provides that letters of administration shall be granted in the county where the applicant resides "when the administration is for the purpose *only* (emphasis ours) of receiving funds or money due a deceased person or his estate from any *governmental source or agency * * * *"*. The suit at Beaumont was against a governmental source. The temporary administrator,. however, was not appointed "for the purpose only" of *receiving* money due but to pursue the lawsuit on behalf of a deceased non-resident in an effort to collect money alleged to be due. Moreover, the statute for the qualification of an administrator or an executor for the purpose stated does not declare that such an appointment may be made upon the estate of a non-resident independently of the administrator or executor of the principal estate lawfully designated at the domicile of the deceased, where the claim is legally due and payable. The parties have cited no Texas decisions interpreting § 6(e). In the absence of such an interpretation we are constrained to hold that the statute was not intended to allow strangers to the estate to administer, to the exclusion of the administrator at the domicile, on the estate of non-residents for the purpose of pursuing a lawsuit against any governmental source or agency in an effort to *collect money* alleged to be due.

In the instant case, the record shows, the Government counterclaimed for large sums of money. Pursuing the claim for $3,000 kept these huge claims alive; dismissing the litigation extinguished them, at least in the District Court. As to this situation see Wyman v. Halstead, *supra.*

■ Section 6(c), (d) of the Texas Probate Code provides that in the case of decedents who have no fixed place of residence in Texas, who die outside the state, and who have no nearest of kin in the state, letters of administration shall be granted in the county "where his principal estate was situated at the time of his death". Being of the view that any refund due the estate of Kent B. Diehl, Sr. was payable in California and his estate thus had no assets in the State of Texas, the above section of the Code would have no application.

■ We, therefore, affirm that part of the judgment of the District Court which held that neither Mrs. Beth Koehler Diehl nor Temporary Administrator Ritter had any right under Rule 25(a)(1) of the Federal Rules of Civil Procedure to be substituted as parties plain-

tiff in this litigation. As to them the suit was properly dismissed.

One point remains. Mrs. Diehl was allowed to intervene as a party plaintiff in her own right because she claimed that the income taxes of 1957 were paid from community property and that if there were to be a refund she was entitled to ½ of the recovery. Where a husband and wife, residing in a community property state, as here, file a joint tax return, the law assumes that half of the tax paid thereon represents the wife's interest in the community. In its brief the Government concedes that Mrs. Diehl might possibly be able to sue in her own right for refund of at least ½ of the tax paid, but the record does not show that she ever filed a claim, an essential statutory prerequisite for maintaining a suit for refund, § 7422, Internal Revenue Code of 1954. Since there is no hint of the filing of such a claim, none may have been filed. In any event, since the intervention was also dismissed the affirmance of the judgment of the District Court will be without prejudice to the right of Mrs. Beth Koehler Diehl, within thirty days of the receipt of the mandate in the District Court, to move for the reinstatement of the intervention in her personal behalf if such a claim was, in fact, filed. In the absence of such a motion, the District Court will again enter its order finally dismissing the personal intervention of Mrs. Beth Koehler Diehl.

The attorney for Mrs. Beth Koehler Diehl and Mr. Ritter gave notice of appeal from the judgment below, and thereby seeks to become a party on appeal. He was not a party below; he cannot be a party to this appeal. We decide nothing here with reference to said attorney or his participation in this litigation.

With the foregoing stipulation as to possible intervention, the judgment of the District Court is affirmed.

Affirmed.