United States Court of Appeals,

Eleventh Circuit.

No. 94-9206.

Alejandro ESCARENO, Plaintiff-Appellant,

v.

CARL NOLTE SOHNE GmbH & COMPANY, and Carl Nolte Sohne GmbY, Defendants-Appellees.

March 13, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:92-cv-103-JEC), Julie E. Carnes, Judge.

Before BIRCH, Circuit Judge, GODBOLD, Senior Circuit Judge, and O'KELLEY[*], District Judge.

GODBOLD, Senior Circuit Judge:

The temporary administrator of a deceased plaintiff's estate moved, pursuant to Fed.R.Civ.P. 25, that he be substituted as party plaintiff. The district court declined to order the substitution on the ground that the temporary administrator was not a "proper party" within the meaning of Rule 25 because the state court that appointed him did not have jurisdiction to make the appointment. In the same order the court dismissed the case because a substitution of parties had not been effected within 90 days after a suggestion of plaintiff's death was filed. We vacate the decision of the district court and remand.

The plaintiff Alejandro Escareno, then a resident of Georgia, brought this diversity products liability suit in January 1992, in N.D. Georgia, for serious personal injuries he suffered at his place of employment when a crucible for melting lead burst,

[*]Honorable William C. O'Kelley, U.S. District Judge for the Northern District of Georgia, sitting by designation.

inflicting devastating burns to him.  The defendant is Carl Nolte Sohne GmbH & Co., a German corporation, which is alleged to regularly do business in N.D. Georgia out of which business this case arose.[1]

Pending suit plaintiff returned to his home in Mexico.  There, suffering from severe physical and psychiatric consequences of his injuries, he committed suicide on December 26, 1992.

On February 26, 1993 plaintiff's counsel in Atlanta, Irwin Stolz, learned of Escareno's death.  The same day he filed a suggestion of death pursuant to Rule 25 and asked that the action be stayed pending appointment of an administrator and substitution of the administrator as a party.  On March 10 the court entered an order providing that the action would be dismissed unless a substitution of parties was made within 90 days after the suggestion of death was filed.

On April 23, 1993 Stolz filed an ex parte application with the judge of the probate court of Fulton County, Georgia, seeking his appointment as temporary administrator.  The application alleged that plaintiff died intestate, a resident of Mexico, and that he left "an estate of real property valued at approximately N/A and personal property valued at approximately -0-."  These references were followed by this statement:  "Decedent died with a claim pending U.S. district court for the Northern District Georgia." The petition also alleged:  "Said estate is unrepresented and it is

---

[1]A second defendant was Noltina Crucible and Refractory Corporation, alleged to be a Delaware corporation and a subsidiary of Sohne.  Plaintiff's appeal as to it was dismissed with prejudice.

necessary for Temporary Letters of Administration to be granted for the sole purpose of preserving the assets of the deceased."  The same day the application was filed the judge of probate granted it and appointed Stolz temporary administrator, and Stolz was sworn in that capacity.

On May 17, 1993, pursuant to Rule 25, Stolz moved the district court to enter an order substituting him as plaintiff, in his capacity as temporary administrator.  Defendant filed an opposition, relying on three major grounds:  One:  a temporary administrator is not a proper party for substitution under Rule 25;  Two:  Stolz was not a proper party to be substituted because the probate court lacked jurisdiction to make the appointment and, alternatively, it improperly exercised jurisdiction;  Three: plaintiff's motion failed to add the plaintiff's heirs, who, under Fed.R.Civ.P. 17, were the real parties in interest.

Defendant's contention that the probate court lacked jurisdiction centered on paragraph (2) of O.C.G.A. § 15-9-31, which provides:

> 15-9-31. Authority of judge of probate court to grant administration.
>
> The judge of the probate court can grant administration only on the estate of a person who was:
>
> (1) A resident at the time of his death of the county where the application is made;  or
>
> (2) A nonresident of the state, with property in the county where the application is made or with a bona fide cause of action against some person therein.

Defendant addressed both prongs of (2), alleging that the nonresident decedent left no real or personal property within the State of Georgia and that there was no bona fide cause of action

instituted by decedent "against a person in the State." According to defendant, with neither prong met, the probate court did not have jurisdiction and improperly exercised jurisdiction.

Plaintiff responded that in the second prong of paragraph (2), § 15-9-31, "a bona fide cause of action against some person therein" referred to the location or situs of the particular entity sued. Plaintiff read *in pari materia* O.C.G.A. § 15-9-32, which provides:

> 15-9-32. Jurisdiction over estate of nonresident with property or cause in several counties.
>
> When a nonresident decedent has property or a cause of action in more than one county, letters of administration may be granted *in any county in which such property or cause of action is located.* The judge of the probate court who first grants such letters acquires exclusive jurisdiction. (emphasis added)

Plaintiff also submitted that his reading of (2) comported with O.C.G.A. § 53-6-26(a), which provides in pertinent part:

> 53-6-26. Designation of county where application for letters of administration is to be made; contents of application; waiver of bond and granting of powers.
>
> (a) Every application for letters of administration shall be made to the judge of the probate court of the county of residence of the decedent, if a resident of this state and, *if not a resident, then in a county where the estate or some portion thereof is located.* (emphasis added)

Plaintiff also pointed out that if defendant's interpretation of (2) were adopted, since defendant was not "in the county" (under defendant's interpretation), no probate court in Georgia would have jurisdiction to appoint an administrator of the estate of one like Escareno who filed suit and thereafter left the state, leaving no property in the county.

The district court did not address defendant's grounds One and

Three.  It denied the motion to substitute, relying on the second prong of paragraph (2) of § 15-9-31.  It construed "cause of action against some person therein" to mean "against some person residing in the county," and, since the defendant did not reside in Fulton County, it held that the probate court lacked jurisdiction.  The court acknowledged that § 15-9-32, which refers to a cause of action as "located in the county," was "somewhat supportive" of plaintiff's reading, but it considered Georgia cases to favor defendant's construction.

The court went on to hold that, even if plaintiff's construction of paragraph (2) were followed, the situs of the cause of action was not Fulton County because the situs of a cause of action is the domicile of the plaintiff, and Escareno was domiciled in Mexico.

The court did not address on its merits the question of whether, under paragraph (2), plaintiff's cause of action was itself "property in the county."  Rather it accepted defendant's contention that absent evidence that plaintiff owned property in the county the probate court lacked jurisdiction, and since the motion to substitute had not alleged that plaintiff owned property in the county the property prong was unavailing as a basis for jurisdiction.[2]

---

[2]By a motion for reconsideration, plaintiff did specifically urge that the cause of action was itself property in the county. However, the court refused to consider this on the ground it was untimely raised.  This was error.  Under Georgia law, the probate court is a court of general jurisdiction that is presumed to have jurisdiction, and the facts that give it jurisdiction need not appear on the face of the record, hence its jurisdiction is presumed to exist.  *Davis v. Melton,* 51 Ga.App. 685, 181 S.E. 300 (1935);  *Stuckey v. Watkins,* 112 Ga.App. 268, 37 S.E. 401 (1900);

The district court, having concluded that the requirements of paragraph (2) had not been met, held that the probate court lacked jurisdiction, that the order appointing Stolz was void, and since a substitution of parties had not been effected within the 90 days provided by the court's March 10 order, the case was dismissed. For several reasons we vacate and remand.

First, the court conflated the period allowed to file a motion to substitute and the time allowed to consummate a substitution. Rule 25(a) permits the court to dismiss the case if a motion for substitution is not made within 90 days after death is suggested upon the record. Plaintiff timely filed such a motion. The court did not act on the motion until November 29, 1993, at which time it denied the motion and, in the same order, dismissed the case "for failure to substitute a party for the deceased pursuant to Rule 25(a) of the Federal Rules of Civil Procedure" and it noted in its March 10 order that a party be substituted within 90 days of the suggestion of death. The Rules do not require that a substitution be made within 90 days of the suggestion of death, only that a substitution be asked. Plaintiff asked. The court was empowered to set a time limit within which a substitution had to be consummated, but the time limit it set was based on a misreading of

_Jones v. Smith,_ 120 Ga. 642, 48 S.E. 134 (1904). Defendant questioned that jurisdiction existed, and alleged that plaintiff left no personal property in Georgia. Assuming that defendant's attack on the jurisdiction of the rendering court was permissible, (see discussion below), the burden was upon defendant to show absence of jurisdiction, including jurisdiction that might arise from the "property in the county" prong of paragraph (2). The court could not find that jurisdiction was lacking by pretermitting ruling on whether the cause of action itself was "property in the county," on the ground plaintiff had not asserted it in his motion to substitute.

the Rule.

Second, it appears on the face of the record that the probate court, in acting on the Stolz application, made an error of fact directly bearing on the issues before us. The petition accurately sets out that plaintiff was a nonresident and accurately describes the existence of Escareno's lawsuit. However, in granting the petition, the probate court held: "It appears that said deceased died a resident of said [Fulton] County, intestate." This implicates paragraph (1) of § 15-9-31. We do not know what action the probate court would have taken under a correct assessment of the facts and an application of paragraph (2).

Third, this is a full faith and credit case. A panoply of problems spring from that. See the full discussion in *Fehlhaber v. Fehlhaber,* 681 F.2d 1015 (5th Cir.1982), *cert. denied,* 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983). The court did not analyze it in full faith and credit terms. 28 U.S.C. § 1738 requires that a federal court must give to Georgia judgments "the same full faith and credit as they have by law or usage in the courts [of Georgia]." Even if the proceedings in the probate court were not flawed as we have described, we would not be able to address with any degree of confidence whether a Georgia court would give full faith and credit to the judgment of a probate court entered in an ex parte proceeding, appointing a temporary administrator for the estate of a nonresident, when its jurisdiction is questioned in another Georgia court by one who is not a party to the probate court proceeding but is a party to the proceeding in the other court in which the temporary administrator seeks to appear. We do

not know with assurance whether Georgia would even permit such a reexamination. If permitted, a sunburst of questions emerge. Bearing in mind Georgia's overall statutory scheme for administration of decedents' estates and appointments of administrators,[3] what is the proper construction of paragraph (2) of § 15-9-31? Under the first prong, is the cause of action property in the county? Under the second prong, must the cause be against one residing in the county? Is a nonresident corporation a resident of the county for purposes of this provision if it can be constitutionally served with process emanating from the county? If it is the cause of action that must be "therein," when is a cause "therein"? Once the controlling statutory provision[s] are identified, if they have not been complied with, does the failure appear on the face of the record? Is it merely an error subject to

---

[3]Inter alia:

§ 15-9-30. Subject-matter jurisdiction; powers and duties generally; copy of Official Code of Georgia Annotated furnished to each judge.

(a) Probate courts have authority, unless otherwise provided by law, to exercise original, exclusive, and general jurisdiction of the following subject matters:

(2) The granting of letters testamentary and of administration and the repeal or revocation of the same.

§ 53-6-34: Temporary administration—Purpose; duration; appeal.

(a) The judge of probate may at any time grant temporary letters of administration upon any unrepresented estate for the purpose of collecting and taking care of the effects of the decedent.

See also, §§ 19-9-31 15-9-32 and 53-6-26, quoted above.

correction by appellate review or is it a "jurisdictional" error that stripped the court of its power to act and made its judgment void? These are matters of Georgia law.

The district court in this case relied upon *Diehl v. U.S.,* 438 F.2d 705 (5th Cir.1971), *cert. denied,* 404 U.S. 830, 92 S.Ct. 67, 30 L.Ed.2d 59 (1971). There the federal district court vacated its order permitting a purported executrix (a former wife) to intervene in the decedent's federal tax refund suit, because the Texas state court appointment of the former wife as executrix was fraudulent, having been obtained by acts defined as misrepresentations by Texas law (allegations by the former wife that her Mexican divorce from decedent was invalid). A temporary administrator was subsequently appointed, but his appointment was invalid because the record of the state court of Texas that appointed him revealed on its face that the court lacked jurisdiction because the only asset was a claim against the United States, the situs of which, *under federal law,* was California.

In *Simmons v. Atlantic Coast Line R.R. Co.,* 235 F.Supp. 325 (E.D.S.C.1964), the federal district court held that a South Carolina temporary administrator had not been properly appointed. The state court record revealed on its face that the administrator had not taken the oath required by South Carolina statute, and the court considered—or perhaps assumed without analysis—that, under South Carolina law, taking the oath was a prerequisite to qualification as administrator.

In neither *Diehl* nor *Simmons* was there a factual flaw by the appointing court such as that made in this case. Also, neither

decision involved construing state statutes to determine whether under the circumstances the appointing state court could properly act. Nor does either speak to whether, if a Georgia probate court did depart from circumstances authorizing it to act, the departure, under Georgia law, would be jurisdictional in nature.

The courts of Georgia are the proper forum for unraveling the skeins of this case in the first instance. And even that cannot be done until the probate court acts on the correct facts. Orderly disposition of this case calls for the Georgia courts to act first.

We, therefore, VACATE and REMAND to the district court. Plaintiff should be allowed a reasonable time in which to again present to a Georgia probate court the matter of appointment of an administrator or temporary administrator, or such other representative as may be appropriate under Georgia law, at which time the probate court can address the matter, recognizing that plaintiff was a nonresident, construe the Georgia statutes if necessary, and consider its jurisdiction. Whether the actions of that court will then be reviewable in the Georgia courts, and by whom, and on what record, are matters to be addressed by the Georgia courts in the first instance. Plaintiff should be given a reasonable time after Georgia courts act in which to file a new motion to substitute if plaintiff wishes to do so.

                    *    *    *    *    *    *