James McGUINNES, Plaintiff,

v.

NOVARTIS PHARMACEUTICALS CORPORATION, Defendant.

6:12–cv–141–Orl–22TBS.

United States District Court,
M.D. Florida,
Orlando Division.

Feb. 4, 2013.

Ramon A. Rasco, Podhurst Orseck, PA, Miami, FL, John Albert Girardi, Girardi & Keese Los Angeles, CA, for Plaintiff.

Steven C. Marks, Podhurst Orseck, PA, Miami, FL, for Plaintiff, Defendant.

Heather Ann Pigman, Katharine R. Latimer, Hollingsworth, LLP, Washington, DC, Michael J. Thomas, William H. Hughes, III, Pennington, Moore, Wilkinson, Bell & Dunbar, PA, Tallahassee, FL, for Defendant.

## ORDER

ANNE C. CONWAY, District Judge.

This cause comes before the Court on Defendant Novartis Pharmaceuticals Corporation's ("Defendant") Motion to Dismiss based on Rule 25 with Supporting Memorandum of Law (Doc. No. 63), filed on January 15, 2013, and Plaintiff James McGuinness' ("Plaintiff") response thereto (Doc. No. 65), filed on January 29, 2013.

## I. *BACKGROUND*

Plaintiff passed away on April 11, 2012 (Doc. No. 56); however, Plaintiff's counsel, without notifying the Court of Plaintiff's death, actively continued to litigate this matter, including filing a case management report.

On October 10, 2012, Defendant, pursuant to *Federal Rule of Civil Procedure* 25(a)(1), filed a suggestion of death. (Doc. No. 56). As well, on October 15, 2012, Defendant personally served Plaintiff's widow, Margaret McGuinness, with the previously filed suggestion of death. (Doc. No. 58).[1]

On October 15, 2012, the Court directed Plaintiff's counsel to advise the Court by

October 30, 2012 as to whether his client is deceased and, if so, whether Plaintiff's claims are extinguished or how Plaintiff's counsel plans to proceed. (Doc. No. 57). In response, Plaintiff's counsel confirmed Plaintiff's April 11, 2012 death and, in contradiction to Rule 25(a)(1), requested, pursuant to Rule 25(a)(1), that the Court substitute *sua sponte* Margaret McGuinness ("Mrs. McGuinness") for Plaintiff in this case. (Doc. No. 59 at p. 2). The Court rejected counsel's request because any request for substitution of a party must be made by a separate motion. (Doc. No. 60).

As well, in response to the Court's October 15, 2012 Order, Defendant informed the Court that the failure of Plaintiff's counsel to move for substitution has led to delays in discovery, including an impediment to obtaining medical records from Plaintiff's doctors. As well, Defendant claims that Plaintiff's counsel has failed to provide Defendant with proprietary authorizations requested for certain health care providers. (Doc. No. 61 at pp. 3–4); (Doc. No. 61–1).

On January 15, 2013, Defendant filed the present motion to dismiss under Rule 25(a)(1), arguing that the decedent's successor or representative failed to file a motion for substitution within 90 days after October 15, 2012, the date of service of a statement noting the death. (Doc. No. 65). On January 29, 2013, Plaintiff filed his response, along with a motion for substitution to replace Plaintiff with Margaret McGuinness. (Doc. Nos. 64 & 65). The Court denied Plaintiff's motion for failure to comply with Local Rule 3.01(g). (Doc. No. 66).[2]

1. Plaintiff's counsel concedes that Margaret McGuinness ("Mrs. McGuinness") is the Plaintiff's successor or representative. (*See* Doc. No. 59). It appears that in 2010, Plaintiff gave Margaret McGuinness a durable power of attorney over his affairs (Doc. No. 63–2); however, there is still no proof that she is his personal representative. (*See* Doc. No. 65 at p. 2 ("[Plaintiff's] window, Mrs. Margaret McGuinness, however, will assume his case by becoming the representative of his estate.")). Therefore, as of January 29, 2013, Plaintiff's counsel still has failed to show that Mrs. McGuinness is the personal representative of Plaintiff's estate and whether

Plaintiff's counsel represents Mrs. McGuinness in that capacity.

2. On January 29, 2013, Plaintiff's counsel filed a motion for substitution, requesting the Court to substitute as plaintiff in this case Margaret McGuinness, as personal representative for the Estate of James McGuinness. (Doc. No. 64). As previously stated above, the Court denied the motion without prejudice because Plaintiff's counsel failed to comply with Local Rule 3.01(g). (Doc. No. 66).

Notwithstanding the noncompliance with Local Rule 3.01(g), the Court notes the motion was riddled with other issues not addressed. First,

## 362

## II. *LEGAL STANDARD AND ANALYSIS*

▰ Rule 25(a) provides:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1). Under this rule, the Court is permitted to dismiss a case if the motion for substitution is not made within 90 days after the date death is suggested upon the record. *Escareno v. Carl Nolte Sohne GmbH & Co.,* 77 F.3d 407, 411 (11th Cir. 1996). However, two affirmative steps must be taken before the ninety days begin to run. First, a party must formally suggest the death on the record. *See Hardy v. Potter,* No. CV408–223, 2009 WL 765028, at *1 (S.D.Ga. Mar. 23, 2009) (citations omitted). Second, the party that filed the suggestion must serve nonparty successors or representatives of the decedent with the suggestion of death, consistent with *Federal Rule of Civil Procedure* 4. *See id.* (citation omitted). In the present case, Defendant has complied with these two affirmative steps by filing the

suggestion of death (Doc. No. 56) and personally serving on October 15, 2012 Mrs. McGuinness, the decedent's successor or representative (Doc. No. 58). Therefore, the ninety-day period began to run from October 15, 2012. *See* Fed.R.Civ.P. 25(a)(1). As well, to date, no party or representative has filed a motion to extend the time in which to file a motion for substitution. *See Broyles v. McCane,* No. 7:04–cv–118(HL), 2006 WL 2452486, at *1 (M.D.Ga. Aug. 23, 2006) ("Finally, a court is authorized to extend the time in which to file a motion for substitution before the expiration of the ninety-day period pursuant to Federal Rule of Civil Procedure 6(b).").

It is undisputed that neither a party nor a representative or successor of the decedent has filed a motion for substitution within the requisite ninety days. In fact, Plaintiff's counsel admits that the motion for substitution, which the Court denied, was filed late. (Doc. No. 65 at p. 5); *see also supra* note 2 (listing numerous issues with motion). To date, no one has filed a new motion for substitution. Even if the Court were to construe the motion Plaintiff's counsel filed nearly two weeks after the deadline as tolling the clock, the Court still finds that Plaintiff's counsel failed to offer any equitable reason for denying Defendant's motion.[3]

Plaintiff's counsel failed to provide any letters of administration to support the claim that Mrs. McGuinness is the personal representative of the estate; instead, he relies on a Florida statute regarding preference for appointment of a personal representative, without clarifying as to whether Mrs. McGuinness has received the letters of administration or even been appointed personal representative. (*See* (Doc. No. 64 at ¶ 3 (citing Fla. Stat. § 733.301)); (*id.* at ¶ 9 ("Margaret McGuinness has been or will be appointed Personal Representative of the Estate of James McGuinness."))). Second, Plaintiff's counsel inexplicably relied on Rule 25(c) for the motion rather than Rule 25(a)(1). (*Id.* at p. 2). Third, Plaintiff's counsel failed to offer any explanation why the motion was filed over two weeks past the deadline provided by Rule 25(a), a rule Plaintiff's counsel had cited in previous filings. As well, Plaintiff's counsel failed to request an extension of time to file the motion for substitution. Finally, and most importantly, Plaintiff's counsel lacked the authority to file the motion. Plaintiff's counsel filed the motion as the decedent's counsel (*id.* at p. 1); however, because the death of a client terminates an attorney-client relationship, Plaintiff's counsel did not qualify as a successor or representative under Rule 25(a)(1) as

he lacked any authority. Further, there is no record of counsel acting on behalf of Mrs. McGuinness in her capacity as a representative of the decedent. *See* Fed.R.Civ.P. 25(a)(1) (noting that a motion for substitution may be filed by a decedent's successor or representative); *Shannon v. Saab Training USA, LLC,* No. 6:08–cv–803–Orl–19DAB, 2009 WL 2175642, at *1–2 (M.D.Fla. July 21, 2009) ("Thus, only (1) a party or (2) a successor or representative of the deceased party may file a suggestion of death of a party or a motion to substitute a party." (citations omitted)); *Schmidt v. Merrill Lynch Trust Co.,* No. 5:07–cv–382–Oc–10GRJ, 2008 WL 2694891, at *2–3 (M.D.Fla. June 30, 2008) ("The deceased party's attorney is not the type of 'representative' contemplated by Rule 25(a).... Accordingly, courts have consistently excluded decedent's counsel from the definition of those 'representatives' having the authority to file a suggestion of death under Rule 25(a)." (citations omitted)). Therefore, the motion could have been denied on multiple grounds beyond noncompliance with Local Rule 3.01(g).

**3.** The Court reiterates that no party or representative or successor of decedent requested an ex-

■ A court may enlarge the time limit on the motion even after the ninety-day period has elapsed if the failure to act was the result of "excusable neglect." Again, the Court notes that no one has formally requested an extension of time; however, Plaintiff's response argues inadvertence, rather than directly excusable neglect, for the late filing of the impermissible motion. 6 *Moore's Fed. Practice & Procedure* § 25.13[3] (Matthew Bender 3d ed.); *Williams v. Scott*, No. 07–22617–Civ–Ungaro–Benages, 2010 WL 5791517, at *2 (S.D.Fla. Sept. 3, 2010) ("The law is clear that, despite the mandatory language in Rule 25(a), the Court has substantial discretion to interpret the rule liberally so as to effectuate its underlying purpose." (citations omitted)); (Doc. No. 65 at pp. 5–9). Therefore, out of an abundance of caution, the Court will address excusable neglect.

■ Excusable neglect is an equitable concept in which the Court may take into account all the relevant circumstances surrounding the party's omission. The party invoking excusable neglect must show good faith and a reasonable basis for noncompliance with Rule 25(a)(1). *See Schmidt v. Merrill Lynch Trust Co.*, No. 5:07–cv–382–Oc–10GRJ, 2008 WL 2694891, at *4 (M.D.Fla. June 30, 2008) (citations omitted); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 3d* § 1165 (3d ed. 2002).

■ In the present case, the arguments of Plaintiff's counsel lack a reasonable basis for finding excusable neglect. Plaintiff's counsel claims that he did not research and realize the motion for substitution had not been filed until he received Defendant's present motion to dismiss. (Doc. No. 65 at pp. 5–6). The Court does not find this argument to have a reasonable basis and questions whether it is made in good faith, considering the fact that: (1) Plaintiff's counsel cited and quoted Rule 25 in a prior filing (*see* (Doc. No. 59)); (2) the Court directly ordered that a motion needed to be filed (*see* Doc. Nos. 57 & 60); and (3) Plaintiff's counsel previously missed the same Rule 25(a) deadline last fall in a similar

case against the Defendant in the Northern District of Florida, *see Lawson v. Novartis Pharmaceuticals Corporation*, No. 3:12–cv–74–MCR/EMT (N.D.Fla. Oct. 5, 2012). As the evidence shows, Plaintiff's counsel is well aware of Rule 25 and its implications.

For additional support, Plaintiff's counsel claims he is jointly handling 200 related cases involving the Defendant. (Doc. No. 65 at p. 6). However, the ability of Plaintiff's counsel to manage his caseload is not a sufficient reason to disregard the *Federal Rules of Civil Procedure*. Additionally, Plaintiff's counsel argues that he had difficulty communicating with Plaintiff prior to his death (*id.*); however, this does not appear persuasive considering that in 2010, two years before Plaintiff's death, Plaintiff gave Mrs. McGuinness a durable power of attorney. (*See* Doc. No. 63–2).

Plaintiff's counsel also argues that he has not been able to reach Mrs. McGuinness for months at a time since her husband's death in April 2012. (Doc. No. 65 at p. 7). However, the argument of Plaintiff's counsel is internally inconsistent, considering he argues that Mrs. McGuinness has been involved actively in this litigation. (*See* (Doc. No. 65 at pp. 2, 7); (Doc. No. 64 at ¶ 4 ("Margaret McGuinness has been closely involved in this action. While she did not initially file the action, after Mr. McGuinness passed away, she helped complete the required Plaintiff's Fact Sheet in this litigation as well as the required authorizations allowing Defendant Novartis Pharmaceuticals Corporation to receive Mr. McGuinness' medical records."))).

Finally, Plaintiff's counsel claims that Defendant has not been prejudiced by delay. (Doc. No. 65 at p. 8). However, as stated previously, Defendant contends that the failure of Plaintiff's counsel to move for substitution has led to delays in discovery, including an impediment to obtaining medical records from Plaintiff's doctors. (Doc. No. 61 at pp. 3–4); (Doc. No. 61–1). Even if the Court were to accept Plaintiff's argument on its face, the Court finds that Plaintiff's counsel

---

tension of time to file a motion for substitution. In fact, Plaintiff's counsel did not even invoke *Federal Rule of Civil Procedure* 6(b) when he

impermissibly filed a motion for substitution two weeks after the deadline.

has failed to prove excusable neglect; i.e., good faith and a reasonable basis for non-compliance with Rule 25(a). *See* 6 *Moore's Fed. Practice* § 25.13[3] (Matthew Bender 3d ed.) ("The court may decline to extend the time and may grant the dismissal if the party fails to provide a reasonable excuse for the delay or has not made a proper motion requesting extension." (citations omitted)); *id.* § 25.12[4] ("The language of the rule is permissive, however, and the court may deny the motion [to substitute] in the exercise of sound discretion if the motion [for substitution] is made long after the death and circumstances make it unfair to allow substitution." (citations omitted)).

### III. *CONCLUSION*

Therefore, based on the foregoing, Defendant's Motion to Dismiss based on Rule 25 with Supporting Memorandum of Law (Doc. No. 63), filed on January 15, 2013, is **GRANTED.**