[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10091
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-80538-KAM

WING KEI HO,

Plaintiff - Appellant,

versus

BANK OF AMERICA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 16, 2018)

Before MARCUS, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Wing Ho, proceeding *pro se*, appeals the district court's dismissal of his second amended complaint and the denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment.  After careful review, we conclude that the district court failed to determine whether Ho's motion satisfied Rule 59(e), and we therefore vacate the district court's order and remand to the district court.

## I.

Ho filed a complaint against Bank of America ("BOA") alleging that it had wrongfully foreclosed on his properties.  BOA moved to dismiss the complaint.  The district court granted the motion but permitted Ho leave to amend.  Ho timely filed an amended complaint, alleging wrongful foreclosure along with state and federal statutory claims.  BOA moved to dismiss the amended complaint.  The district court granted the motion in part, dismissing Ho's wrongful foreclosure claims for lack of subject matter jurisdiction.  The district court dismissed the remaining claims without prejudice, giving Ho until October 4, 2016 to file a second amended complaint.

On October 11, 2016, after the court's deadline, Ho filed his second amended complaint.[1]  BOA moved to dismiss the complaint for failure to comply with the district court's deadline.  Ho failed to respond.  The district court granted BOA's motion based on lack of subject matter jurisdiction because the second

---

[1] The pleading was file stamped on October 11, but was not docketed until October 12.  It makes no difference to our analysis.

amended complaint was untimely, and Ho had failed to request an extension of time prior to the deadline or make a motion or a showing of excusable neglect.

Ho moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  In that motion, he explained that his second amended complaint had been untimely due to a hurricane watch and warning issued on October 4, the district court's deadline.  Further, Ho argued, the court was closed from October 5 through October 10, which was Columbus Day.  Therefore, according to Ho, October 11 was the first day on which he could file his second amended complaint.

The district court denied Ho's motion, finding that the hurricane watch "was issued on the last day of the deadline for the amended pleading" and that the court "was open for business" on October 4, so Ho "could have and should have acted in accordance with the Court's order."  Doc. 33 at 2.[2]  In any event, the court determined, it had "lost subject matter jurisdiction" over the matter.  *Id.*

Ho timely filed a notice of appeal, designating the dismissal of his second amended complaint and the denial of his Rule 59(e) motion.

## II.

We review the denial of a Rule 59(e) motion for abuse of discretion.  *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).  An abuse of discretion occurs if the district court fails to apply the proper legal standard or to follow proper

---

[2] Citations to "Doc. #" refer to docket entries in the district court record in this case.

procedures in making its determination. *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). We construe *pro se* filings liberally. *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

Here, the district court did not consider Ho's explanation of his late filing because it incorrectly determined that it had lost jurisdiction over Ho's action. A jurisdictional defect is one that "strip[s] the court of its power to act and ma[kes] its judgment void." *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) (alterations in original) (quoting *Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 412 (11th Cir. 1996)). As the Supreme Court has noted, courts have often mislabeled timing restrictions as jurisdictional requirements:

> Courts, including [the Supreme Court] . . . have more than occasionally used the term 'jurisdictional' to describe emphatic time prescriptions in rules of court . . . . For example, we have described Federal Rule of Civil Procedure 6(b), on time enlargement . . . as 'mandatory and jurisdictional.'

*Kontrick v. Ryan*, 540 U.S. 443, 454 (2004) (citation omitted). The Court went on to explain that unlike timing prescriptions, requirements are jurisdictional only if they "delineat[e] the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Id.* at 455.

Here, the court concluded that it was forced to deny Ho's motion because it had "lost subject matter jurisdiction over this matter." Doc. 33 at 2. Therefore, according to the district court, the "case [could not] proceed." *Id.* But the district

4

court could have exercised its discretion to allow Ho's belated filing. Indeed, Federal Rule of Civil Procedure 6(b) sets forth specific factors for district courts to consider when deciding whether to accept a late filing. Thus, the lapsed deadline did not "strip[] the court of its power to act," and the missed filing deadline did not result in a jurisdictional defect. *Escareno*, 77 F.3d at 412.

Given the district court's erroneous legal determination that the missed deadline deprived it of jurisdiction over Ho's case, the court failed to consider Ho's explanation for his late filing. The district court therefore abused its discretion.

## III.

For the foregoing reasons, the district court's order denying Ho's Rule 59(e) motion is vacated and remanded.

**VACATED AND REMANDED.**