James C. MAYHEW a/k/a Noel
Caprito and Helen Vaughan,
Petitioners,

v.

Joseph T. CAPRITO and Marguerite
Caprito Alexander Dial,
Respondents.

No. C-9559.

Supreme Court of Texas.

May 30, 1990.

Rehearing Denied Sept. 6, 1990.

George Barron, Orange, Jim Boyle, Austin, for petitioners.

Pannal Alan Sanders, Orange, for respondents.

PER CURIAM

The question presented is what effect the Texas courts should give to a Louisiana judgment.

This is a will contest. Contestants seek to litigate in Texas issues of the decedent's domicile and validity of the will, even though those issues were litigated by the parties in the courts of Louisiana. The trial court granted the will proponents' motion for summary judgment, finding that the deceased was domiciled in Louisiana at death and that the Louisiana will was valid. In an unpublished opinion, the court of appeals reversed and remanded, holding that the will proponents were not entitled to the summary judgment because it was not established whether the decedent was domiciled in Texas or Louisiana at the time of his death. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The decedent, Salvador Caprito, lived in Fort Worth, Texas from 1955 until 1977. In 1977, Caprito was adjudged mentally incompetent and guardianship proceedings were instituted in Tarrant County, Texas. Guardianship proceedings were transferred to Orange County, Texas, in 1978. In 1981, Caprito was placed in a nursing home in Pineville, Louisiana. At the time of his death in March 1982, in Louisiana, guardianship proceedings were still pending in Texas.

There are two wills at issue—the 1982 will (the Louisiana will) and the 1977 will (the Texas will). The decedent's children (will proponents) initially probated the Louisiana will in Louisiana, alleging that the deceased was domiciled in Louisiana at the time of his death. The decedent's niece and nephew (will contestants) initially probated the Texas will in Orange County, Texas, claiming that the Texas court had jurisdiction because of the guardianship proceedings previously filed with the Texas court. The contestants challenged the Louisiana will in Louisiana and their objections were overruled by the Louisiana court, which determined that the decedent was a Louisiana domiciliary. This ruling was affirmed on appeal.

The will proponents moved for summary judgment in this Texas proceeding on the grounds that: (1) the issue of domicile was fully litigated in the Louisiana suit; and (2)

none of the grounds for contesting the 1982 will provided for in section 100 of the Texas Probate Code are present in this case. The issue before this court is whether the court of appeals must recognize the judgment of the Louisiana Supreme Court that Caprito was a Louisiana domiciliary when he died.

The United States Constitution requires that "[f]ull Faith and Credit shall be given in each State to the ... judicial Proceedings of every other State." U.S. Const. art. IV, § 1. The United States Supreme Court has stated that "the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced." *Underwriters Nat'l Assurance Co. v. North Carolina Life and Accident and Health Ins. Guar. Ass'n*, 455 U.S. 691, 704, 102 S.Ct. 1357, 1365, 71 L.Ed.2d 558 (1982).

In *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963), the Supreme Court limited the scope of a jurisdictional review by a court of a sister state, holding that "a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Id.* at 111, 84 S.Ct. at 245. The Supreme Court stated:

> We see no reason why a court, in the absence of an allegation of fraud ... should examine again the question whether the court making the earlier determination on an actual contest over jurisdiction between the parties, did have jurisdiction of the subject matter of the litigation ... a collateral attack upon the decision as to jurisdiction ... merely retries the issue previously determined. There is no reason to expect that a second decision will be more satisfactory than the first.

*Id.* at 113–14, 84 S.Ct. at 246 (quoting *Stoll v. Gottlieb*, 305 U.S. 165, 172, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938)). We have jurisdiction to correct a decision of the court of appeals which is contrary to a decision of the United States Supreme Court. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 400 (Tex.1979).

Because the court of appeals' decision directly conflicts with the United States Supreme Court's holding in *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963), a majority of the court grants the application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and affirms the judgment of the trial court. *See* Tex.R.App.P. 133(b).