TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







SUPPLEMENTAL OPINION ON MOTION FOR REHEARING









NO. 03-99-00693-CV






Ronald Bibace, Appellant



v.



Klaus Schmickler, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 99-07738, HONORABLE JOSEPH H. HART, JUDGE PRESIDING 







 We grant appellant Ronald Bibace's motion for rehearing to consider arguments
raised in his second amended brief.(1) We will affirm the judgment.

 We briefly recap the underlying events, more extensively set out in our original
opinion. In 1995, Bibace filed suit in Florida against Klaus Schmickler, Catherine Schmickler,
and Emile Bonnes. In 1996, before serving Klaus, Bibace obtained a "final judgment" based on
the default of Catherine and Emile. In 1997, the Florida court signed an order impleading Klaus
as a third-party defendant in a "proceeding supplementary" which allows judgment creditors to
obtain assets of judgment debtors that are in the hands of third parties. In 1999, the Florida court
signed an "amended final judgment" against Klaus. Bibace then filed the Florida judgment in
Texas, seeking to enforce it against Klaus here. Klaus filed a motion for new trial, contending the
Florida court had no personal jurisdiction over him, that he had not been served properly, and that
the Florida court had lost subject matter jurisdiction because of the lapse of time. The Texas
district court granted the motion on all grounds and vacated the judgment. We affirmed the Texas
judgment based on the finding of lack of personal jurisdiction in the Florida proceeding.

 Bibace complains that no evidence supports the conclusion that the Florida court
lacked jurisdiction. He contends that Klaus's affidavit was not introduced into evidence at the
"trial" in Texas regarding the Florida court's jurisdiction. The proceeding was not a trial, but a
hearing on a motion for new trial.(2) Affidavits in support of motions for new trial need not be
offered and admitted into evidence so long as they are timely filed. See Director, State Employees
Workers' Compensation Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994) (reviewing denial of
motion for new trial in Texas default judgment). The affidavit was filed with the motion for new
trial before the district court's hearing and ruling on the motion.

 Bibace argues that the affidavit was hearsay and was incompetent as an affidavit. 
He does not cite to the record where his hearsay argument was preserved by objection, nor do we
find such an objection. The complaint is therefore waived. See Tex. R. App. P. 33.1(a), 38.1(h). 
Further, affidavits are appropriate for motions for new trial regarding default judgments. See
Evans, 899 S.W.2d at 268. Bibace raises no specific arguments regarding the competency of the
affidavit. The competence of the affidavit withstood the challenges in Bibace's earlier briefs. As
discussed in the original opinion, the affidavit is sufficient evidence to support the Texas district
court's judgment.

 Bibace argues that the Florida court had jurisdiction to enter the 1997 judgment
because it was a proceeding supplementary to the 1996 judgment. This argument addresses
subject-matter jurisdiction, but does not address the lack of personal jurisdiction on which we
affirmed the Texas district court's judgment.

 Bibace also contends that Texas courts cannot look behind the Florida judgments
to assess their propriety, relying on Durfee v. Duke, 375 U.S. 106, 111 (1963) and Mayhew v.
Caprito, 794 S.W.2d 1, 2 (Tex. 1990). These courts held that "a judgment is entitled to full faith
and credit--even as to questions of jurisdiction--when the second court's inquiry discloses that
those questions have been fully and fairly litigated and finally decided in the court which rendered
the original judgment." Durfee, 375 U.S. at 111; Mayhew, 794 S.W.2d at 1. The Durfee court
explained that "fully and fairly litigated" meant a "'case where one voluntarily appears, presents
his case and is fully heard.'" Durfee, 375 U.S. at 111 (quoting Baldwin v. Iowa State Traveling
Men's Assn., 283 U.S. 522, 526 (1931)). Because Klaus never appeared in the proceedings
leading to either Florida judgment, the issue of personal jurisdiction was not fully and fairly
litigated in Florida.

 Bibace's final argument in the second amended brief is that the 1996 judgment was
not final until the 1997 judgment was rendered because the 1996 judgment did not dispose of
Klaus. This argument goes to the subject-matter jurisdiction of the Florida courts, but does not
address the lack of personal jurisdiction over him that we have found defeats both judgments
regardless of their finality. Further, this argument is based on Texas case law (e.g., Houston
Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 692-93 (Tex. 1986)) that does not
control the finality of Florida judgments.

 We overrule all arguments raised by Bibace's second amended brief. Having
overruled all arguments in his prior briefs, we affirm the judgment of the Texas district court as
set out in our original opinion.



 

 J. Woodfin Jones, Justice

Before Justices Kidd, Patterson, and Jones*

Affirmed

Filed: February 8, 2001 

Do Not Publish




* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. This opinion on motion for rehearing is in addition to our original, filed January 11, 2001. 
The original opinion and judgment are not withdrawn.
2. The Texas district court's order vacating the judgment after the motion for new trial hearing
does not alter the fact that the hearing was on a motion for new trial. As we noted in the original
opinion, the district court had only two choices: overrule the motion and enforce the judgment
or grant the motion and vacate the judgment. Bibace v. Schmickler, 03-99-00693-CV, slip op. at
14, 2001 Tex. App. LEXIS 164, *22 (January 11, 2001) (not designated for publication) (quoting
Trinity Capital Corp. v. Briones, 847 S.W.2d 324, 326-27 (Tex. App.--El Paso 1993, no writ)).


 regarding the Florida court's jurisdiction. The proceeding was not a trial, but a
hearing on a motion for new trial.(2) Affidavits in support of motions for new trial need not be
offered and admitted into evidence so long as they are timely filed. See Director, State Employees
Workers' Compensation Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994) (reviewing denial of
motion for new trial in Texas default judgment). The affidavit was filed with the motion for new
trial before the district court's hearing and ruling on the motion.

 Bibace argues that the affidavit was hearsay and was incompetent as an affidavit. 
He does not cite to the record where his hearsay argument was preserved by objection, nor do we
find such an objection. The complaint is therefore waived. See Tex. R. App. P. 33.1(a), 38.1(h). 
Further, affidavits are appropriate for motions for new trial regarding default judgments. See
Evans, 899 S.W.2d at 268. Bibace raises no specific arguments regarding the competency of the
affidavit. The competence of the affidavit withstood the challenges in Bibace's earlier briefs. As
discussed in the original opinion, the affidavit is sufficient evidence to support the Texas district
court's judgment.

 Bibace argues that the Florida court had jurisdiction to enter the 1997 judgment
because it was a proceeding supplementary to the 1996 judgment. This argument addresses
subject-matter jurisdiction, but does not address the lack of personal jurisdiction on which we
affirmed the Texas district court's judgment.

 Bibace also contends that Texas courts cannot look behind the Florida judgments
to assess their propriety, relying on Durfee v. Duke, 375 U.S. 106, 111 (1963) and Mayhew v.
Caprito, 794 S.W.2d 1, 2 (Tex. 1990). These courts held that "a judgment is entitled to full faith
and credit--even as to questions of jurisdiction--when the second court's inquiry discloses that
those questions have been fully and fairly