# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 24, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

### 2016-SC-000292-MR

DENNIS SILLS                                            APPELLANT

V.                      ON APPEAL FROM CHRISTIAN CIRCUIT COURT<br>
HONORABLE ANDREW C. SELF, JUDGE<br>
NO. 13-CR-00675

COMMONWEALTH OF KENTUCKY                          APPELLEE

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

A Christian County jury found Dennis Sills guilty of murder. Consistent with the jury's sentencing recommendations, the trial court fixed his sentence at thirty-five years' imprisonment.

Sills now appeals as a matter of right, Kentucky Constitution § 110(2)(b), arguing that the trial court erred by admitting improper evidence of his prior bad acts. For the reasons set forth below, we affirm the trial court.

### I. BACKGROUND

Dennis Sills and Lisa Roach began dating in 2009. After about a year together, the two began to fight, and their relationship was on-again-off-again. Over the next three years, Sills physically abused Roach and stated on multiple occasions that he would kill her. In August 2013, Roach fled the Hopkinsville

mobile home that she and her two children shared with Sills and moved to Mississippi. Two months later, on October 11, 2013, she returned in order to transfer title of property that remained in Kentucky. That night, Sills's neighbor, Phillis Gardner, heard Sills yell, "I need your help, Miss Phillis. I need you, you've got to help me!" When she went to his mobile home and asked him what was wrong, he replied, "I've done shot Lisa."

Gardner testified that when she and her daughter arrived at Sills's mobile home, Sills told them, "Well, she bit me," and showed the women a bite mark on his chest and a bloody bite mark on his wrist. Gardner approached Sills's front door, where she saw Lisa Roach's body lying on the floor. Gardner told her daughter to call 911. While waiting for emergency services, Sills admitted to Gardner and her daughter that he shot Roach with his rifle. Sills also left multiple messages on his employer's answering machine admitting that he had killed Roach. When police arrived, they found Roach dead with bullet wounds to the back of her head, her chest, and her right flank. Upon searching the mobile home, police found a .22 caliber rifle and two .22 caliber "spent" shell casings. This was the weapon determined to have been used by Sills to shoot Roach. No other weapons were discovered at the scene. Sills was charged with murder, and these proceedings commenced. We set forth additional facts as necessary below.

## II. ANALYSIS

### A. The trial court did not err by admitting evidence of Sills's prior instances of domestic violence.

Prior to trial, the Commonwealth provided notice to Sills's counsel, pursuant to Kentucky Rule of Evidence (KRE) 404(c), that it intended to introduce KRE 404(b) evidence of other crimes, wrongs, and acts. KRE 404(b) provides, in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible:
>
>> (1) If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; . . . .

At a pretrial conference, Sills objected to all of the Commonwealth's KRE 404(b) evidence, and the trial court overruled that objection. We review the trial court's application of KRE 404(b) for an abuse of discretion. *Driver v. Commonwealth*, 361 S.W.3d 877, 883 (Ky. 2012).

The Commonwealth introduced evidence at trial that, at some time during their relationship—which began in 2009 and ended in 2013—Sills: grabbed Roach by the arm, leaving bruises;[1] grabbed her by the throat; broke a beer bottle on a table in front of Roach to scare her; tripped Roach and verbally abused her; and jumped on Roach, while holding a gun to her head. Sills argues, based on this Court's decision in *Barnes v. Commonwealth*, 794 S.W.2d

---

[1] At trial, only this instance was dated, having occurred on New Year's Eve, 2010.

165 (Ky. 1990), that the trial court's decision to admit the preceding evidence was in error.

In *Barnes*, this Court held that the trial court erred by admitting evidence that the defendant had hit his wife seven years before killing her, and had grabbed her and dragged her down an alley four years before killing her. *Id.* at 169. There, we reasoned that "[a]cts of physical violence, remote in time, prove little with regard to intent, motive, plan or scheme; have little relevance other than establishment of a general disposition to commit such acts; and the prejudice far outweighs any probative value in such evidence." *Id.* The present matter is distinguishable from *Barnes*. As we noted in *Driver*, "*Barnes* does not suggest that there is any demarcation point by which remoteness is to be judged." 361 S.W.3d at 884. Thus, the fact that Sills's prior acts occurred sometime during the four years before he murdered Roach is not dispositive.

In order for evidence to be admissible at trial, it must be relevant. KRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." KRE 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice . . . ." KRE 403. Sills's and Roach's entire relationship lasted four years, and the abusive behavior occurred throughout the last three years of their relationship. Sills's defense was that he acted in self-defense. Evidence of his abuse of Roach was, thus, relevant to show intent and that he did not act in self-defense. Because these

4

acts of abuse occurred relatively close in time to the murder, and at least one involved threatening use of a gun, we cannot say, as a matter of law, that the prejudicial effect outweighed the evidence's probative value. Therefore we hold that the trial court's admission of evidence of Sills's prior instances of domestic violence was not erroneous.

## B. The trial court did not err by admitting evidence of threats Sills made to Roach.

In addition to the above-noted instances of domestic violence, the Commonwealth elicited testimony that Sills had threatened to kill Roach on numerous occasions. At a New Year's Eve party in 2010, Sills stated that, "One day, I'm going to have to kill that bitch." Roach's son testified that he heard Sills tell his mother, "I'm going to have to kill you one day." In another instance, Sills told Roach that he would kill her if she ever left him.

"Generally, evidence of prior threats and animosity of the defendant against the victim is admissible as evidence of motive, intent or identity . . . ." *Davis v. Commonwealth*, 147 S.W.3d 709, 722 (Ky. 2004). "It has long been a rule in this jurisdiction that threats against the victim of a crime are probative of the defendant's motive and intent to commit the crime . . . ." *Sherroan v. Commonwealth*, 142 S.W.3d 7, 18 (Ky. 2004). We noted above that Sills claimed that he acted in self-defense. As with evidence of physical abuse, evidence of Sills's prior threats demonstrated intent and was relevant to refute his claim of self-defense. An analysis under KRE 404(b) "will be left to the trial court's sound discretion depending upon the facts of the individual case."

5

*Driver*, 361 S.W.3d at 884. We discern no abuse of that discretion, and hold that the trial court's ruling was not in error.

## III. CONCLUSION

For the foregoing reasons, the judgment of the Christian Circuit Court in this matter is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Robert Chung-Hua Yang
Assistant Public Advocate
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Micah Brandon Roberts
Assistant Attorney General

6