

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00007-CV

---

JUSTIN WILLIAMS, APPELLANT

V.

ALLEN HURT, MD, INDIVIDUALLY; BRIARWOOD CLINIC, LLC; AND AMERICAN MEDICAL GROUP, INC., APPELLEES

---

On Appeal from the 419th District Court
Travis County, Texas
Trial Court No. D-1-GN-21-004088, Honorable Maya Guerra Gamble, Presiding

---

June 14, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

A line from a 1976 Toyota vehicle commercial best captures our answer to the appellant's complaint: "You asked for it, you got it . . . ." Justin Williams questions the arbitrator's authority to entertain the dispute between him and Allen Hurt, M.D., Briarwood Clinic, LLC, and American Medical Group (Hurt). According to the record, Williams moved for arbitration, induced the New Mexico trial court to order it, and then complained about holding it once the arbitrator awarded Hurt recovery. Allegedly, the arbitration

clause within a joint venture agreement executed by the parties did not encompass the dispute in question. Williams viewed the latter as implicating the arbitrator's jurisdiction and raised it and other complaints to the trial court via a motion to vacate the award. The New Mexico court denied the motion and entered a final judgment adopting the award. Hurt then domesticated the New Mexico decree in Texas. Jurisdiction to arbitrate, or the purported lack thereof, again formed a basis of Williams's motion to vacate the foreign judgment. The 419th District Court of Travis County, like its New Mexico cousin, rejected the allegation by denying his motion. That resulted in this appeal. Here, Williams again contends "the judgment is void because the rendering court lacked jurisdiction over the subject matter" since "the arbitrator lacked jurisdiction to decide such issues." We affirm.[1]

New Mexico statute provides that "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." N.M. STAT. ANN. § 44-7A-7(a). Elsewhere, it states that "[a]n agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award under the Uniform Arbitration Act [44-7A-1 NMSA 1978]." Id. § 44-7A-27(b). As memorialized in the October 15, 2018 "Stipulated Order Staying Proceedings" executed by the Fifth Judicial District Court of Lea County, the parties "agreed and stipulated" to arbitration of the dispute. The court also expressed in its order that "[t]he parties agree to undergo arbitration with the Honorable William Lang in Albuquerque, New Mexico." Each litigant signed the written

---

[1] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

order through their respective legal counsel. Having signed the order and "stipulated" to arbitration through it, the document took on contractual characteristics. *See Williams v. Crutcher*, 298 P.3d 1184, 1187 (N.M. Ct. App. 2013) (observing that "a stipulated judgment, such as the one before us in this case, is not considered to be a judicial determination, but a contract between the parties"). In other words, it became their agreement through which they expressly acceded to arbitrating in Albuquerque, New Mexico. If nothing else, that agreement vested the Fifth Judicial District Court with "exclusive jurisdiction . . . to enter judgment on an arbitration award." *See Daniels Ins. Agency, Inc. v. Jordan*, 657 P.2d 624, 626 (N.M. 1982) (stating that New Mexico's Uniform Arbitration Act "permits 'any court of competent jurisdiction of this state' to enforce an arbitration agreement under the Act and to enter judgment on an award" and "[i]n New Mexico, the district courts have original jurisdiction over all cases other than those specifically excepted by the New Mexico Constitution and 'such jurisdiction of special cases and proceedings as may be conferred by law'"). So too did it grant the arbitrator the authority to act.

Williams suggests that the agreement to arbitrate evidenced in both his motion to compel arbitration and the October 15th order is unenforceable. Purportedly, this is so because his "attorney . . . negligently handled Appellant's case in numerous ways and ultimately caused the arbitration award against Appellant." According to the citations Williams afforded us in his brief, the supposed and conclusory acts of negligence involved the manner in which counsel handled the arbitration. They did not implicate the agreement to arbitrate itself, however.

3

Another reason for overruling Williams's issue warrants comment. Judicial proceedings of every other state must be given full faith and credit. *Mayhew v. Caprito*, 794 S.W.2d 1, 2 (Tex. 1990) (per curiam) (quoting U.S. CONST. art. IV, § 1)). This encompasses their judgments, which are "entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Id.* (quoting *Durfee v. Duke*, 375 U.S. 106, 111, 84 S. Ct. 242, 11 L. Ed. 2d 186 (1963)). As previously mentioned, the New Mexico district court entertained and denied Williams's jurisdictional challenge. This may be due to his inducing that body to compel arbitration by agreeing to it. Irrespective of the reason, nothing of record establishes that he lacked a full and fair opportunity to litigate the specific topic in that state; the contrary is true. *See Armtech Ins. Servs. v. Hamilton*, No. 07-08-00325-CV, 2009 Tex. App. LEXIS 1433, at *6 (Tex. App.—Amarillo Feb. 27, 2009, no pet.) (mem. op.) (placing the burden on the judgment debtor to illustrate why a properly authenticated copy of the foreign judgment should not be afforded full faith and credit). Thus, *Mayhew* obligates us to heed the decision of the New Mexico court.

To Williams we say, "you asked for it, you got it," deny his sole issue, and affirm the trial court's order denying his motion to vacate the foreign judgment.


Brian Quinn
Chief Justice


4